**Bill BRISCOE, Appellant,**

v.

**GULF SUPPLY CO., INC. d/b/a International Materials & Service Co., Inc., Appellee.**

**No. 18515.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 5, 1981.

Rehearing Denied March 5, 1981.

Beecham, Brown, Longenecker, Rapier & Yeager and John E. Rapier, Dallas, for appellant.

Carrington, Coleman, Sloman & Blumenthal, and Mark S. Werbner, Dallas, Childs, Fortenbach, Beck & Guyton, and Jennifer Wilson, Houston, for appellee.

PER CURIAM.

January 9, 1981 Transcript of the clerk of the trial court was received and filed by the clerk of this appellate court. This filing was by direction of the court because presented after date of January 1, 1981 when the new and/or amended Rules of Civil Procedure became effective. It was believed that while there was no doubt but that we ultimately would disregard or perhaps dismiss the transcript filed on January 9, 1981 because it was not timely presented, nevertheless we were obliged to accept and file it. Tex.R.Civ.P. 386 "Time to File Transcript and Statement of Facts."

Under neither the old rules or those new amended rules effective January 1, 1981 calculation for permissible "timely filing" of the transcript in this court reveals that the last day would be December 15, 1980, because, in this case, no motion for new trial was filed. In such a case the transcript is "timely filed" at anytime within sixty (60) days after the date judgment was signed. This is true under neither the new or old rules.

■ Perforce provisions of Tex.R.Civ.P. 21c, "Extensions of Time on Appeal" appellant could have filed, but did not, a motion for extension of time within which to file his transcript. Such motion could have been filed, with effect, to and inclusive of date of December 30, 1980. Had he filed a motion to that end by such date it would have been "timely filed." What that means is that thereby the appellant would have saved and preserved the authority and power of this court to grant (rightly or wrong-

ly) an extension of time within which the transcript would be permitted to be filed.

■ Because appellant did not file his motion on or before December 30, 1980 there is no authority by law for this court to grant any extension of time within which to file the transcript. (Actually the time within which we could have become "invested" with the authority to grant the extension "came and went" without the investiture having taken place. This was because no motion for extension of time was filed by appellant until after date of December 30, 1980.)

It was thereafter (January 9, 1981 or later) that a motion for extension of time was filed. Such motion, when filed, was for extension of time within which to file both the transcript and statement of facts.

■ For our purposes the fact that we filed the transcript on January 9, 1981, when it was tendered to be filed, did not mean that appellant could claim benefit; or that this court was bound to proceed to a decision on the merits if briefs were filed. By the provisions of Rule 386, as amended effective January 1, 1981, our understanding is that an appellant is to be afforded notice and opportunity to oppose the dismissal of his case on appeal. Here we have had presented an appellee's motion to have the appeal dismissed because the record (or the transcript) was not timely filed in the appellate court. We have also had presented the motion of the appellee to have the judgment affirmed on certificate. (The appellate courts are authorized by Rule 386 to similarly act in disposition of the appeal on their own motions.) Both parties have been accorded notice of this hearing. There is no question but that the time is one appropriate for action on all motions.

To be noticed is that a statement of facts was brought to court after January 9, 1981; it was not tendered for filing but was left with the clerk along with the motion for extension of time to file the transcript and statement of facts.

■ Whether filed, or not filed and made the exhibit and/or subject of a motion for extension of time within which to file the same, the rules relative to transcript and statement of facts would be the same. We would be without authority to treat a transcript as a proper part of the appellate record for purposes of disposition of the appeal on its merits when the appellant had neither "timely filed" it, by Rule 386, nor within the 15 days after that last day it might have been "timely filed," filed a motion to have extended the time within which it might be authorized to be filed by the provisions of Rule 21c.

■ That said in the preceding paragraph would have full application to a statement of facts. Of course the filing of a transcript is a necessary predicate for the acceptance of the statement of facts for purposes of filing.

We deny the motion of appellant for extension of time relative to filing. We grant the motions of appellee to dismiss the appeal and to affirm the judgment of the trial court on certificate.