The STATE of Texas, et al, Appellants,

v.

Fred WHITAKER, et al, Appellees.

No. 1529.

Court of Civil Appeals of Texas, Tyler.

May 7, 1981.

Charles C. Dickerson, County Atty., Robert Underwood, Carthage, for appellants.

Fred Whitaker, Joseph E. Jackson, Carthage, for appellees.

PER CURIAM.

This appeal was prosecuted by Panola County, Texas and the State of Texas, intervenor-plaintiffs below, from a judgment of the district court ordering payment by appellees of delinquent ad valorem taxes.

The judgment herein was signed on December 15, 1980, and appellants filed a Motion for New Trial on January 13, 1981. Appellants, being the State and a political subdivision thereof, filed a notice of appeal on March 2, 1981, and Panola County additionally filed a cost bond on March 20, 1981. According to Rule 386[1] when a motion for new trial has been filed by any party and appeal perfected, the transcript and statement of facts, if any, are to be filed in the Court of Civil Appeals within 100 days of the date that the judgment appealed from is signed. On such a state of the record herein the record was to have been filed in this court by March 25, 1981, which was not done. However, since failure to file either the transcript or statement of facts is no longer jurisdictional,[2] this court, by letter dated April 1, 1981, advised appellants' attorneys of record that in accordance with Rule 387(b)[3] their appeal would be dismissed upon the court's own motion unless the appellant, or any party desiring to con-

---

1. All references to rules are to Tex.R.Civ.P. (Vernon 1981) unless noted otherwise.

2. Rule 386 provides in part that:
   Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court or its authority to consider material filed late, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed late, or applying presumptions against

the appellant, either on motion or on the court's own motion, as the court shall determine.

3. (b) If it appears to the appellate court that an appeal or writ of error has been perfected, but is subject to dismissal for want of jurisdiction or for failure to comply with any requirements of these rules or any order of the court, the court may, on its own motion, give notice to all parties that the case will be dismissed unless the appellant, or any party desiring to continue

tinue the appeal, filed with the court, within ten (10) days from date, a response showing grounds for continuing the appeal.

Thereafter, on April 10, 1981, appellant, through its attorney of record, filed a Motion for Enlargement of Time. Therein it advised the court that on April 6 the Commissioners Court of Panola County passed a resolution retaining the firm of Pritchard & Pritchard of Fort Worth to represent the county on appeal which attorneys had had no opportunity to review the transcript and statement of facts and prayed that this court grant the appellants an enlargement of time to and including April 21, 1981, in which to file a response showing grounds for continuing the appeal. This motion was granted by the court yet, as of this date, no response nor further motion for extension have been filed. Therefore upon our own motion and by authority of Rule 387(b), we are of the opinion that this appeal should be dismissed.

Accordingly, the appeal is dismissed and the costs of said appeal are taxed jointly and severally against the State of Texas and Panola County, Texas and the sureties on its cost bond, Ruff Wall and Charles C. Dickerson.

the appeal or writ of error, files with the court within ten days a response showing grounds

for continuing the appeal or writ of error.