**In Re Michael James BRAZIL, A Child.**

No. 5645.

Court of Civil Appeals of Texas, Eastland.

June 25, 1981.

Rehearing Denied Aug. 28, 1981.

---

J. Michael Cunningham, Midland, for appellant.

R. Temple Dickson, Moore, Dickson, Roberts & Hall, Sweetwater, Richard M. Graham, Midland, for appellee.

DICKENSON, Justice.

This is a child custody case in which the child's father filed a motion to modify under Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1980). The original decree named the mother, Kathryn G. Brazil Graham, as managing conservator of the child, Michael James Brazil, who is now 10 years old. The father, Richard Ray Brazil, was named Possessory Conservator with rights of visitation. The father's motion alleges that the mother is permitting the child to live with his maternal grandmother, Gladys Morris, and it asks that the father be appointed as managing conservator of the child.

▮ Judgment was rendered on October 16, 1980, when the father failed to appear for trial, that he take nothing by his suit.[1] The father's motion for new trial was timely filed on October 27, 1980, since

the tenth day after judgment was a Sunday. The motion for new trial was overruled by operation of law under the 1980 version of Tex.R.Civ.P. 329b on December 11, 1980. The appeal bond was timely filed on January 13, 1981, in compliance with the 1981 version of Tex.R.Civ.P. 356 which permits the bond to be filed within 90 days after the judgment is signed if a timely motion for new trial is filed.

The transcript and statement of facts were not timely filed. They would have been due under the 1980 version of Tex.R. Civ.P. 386 within 60 days from the date the motion for new trial was overruled; therefore, the last day would have been February 9, 1981. They were due under the 1981 version of Tex.R.Civ.P. 386 within 100 days after the judgment was signed (since there was a timely motion for new trial); consequently, the last day for timely filing was January 26, 1981 (since the 100th day was a Sunday). They were not received by our Court Clerk until February 10, 1981. There was no motion for extension of time under Tex.R.Civ.P. 21c.

On March 20, 1981, appellant filed a motion requesting this court to disregard the late filing of the transcript and statement of facts. Appellees then filed their motion to dismiss the appeal, correctly stating that the transcript and statement of facts were not timely filed and that appellant had not complied with the requirements of Tex.R. Civ.P. 21c.

On April 2, 1981, this court made a preliminary ruling that the 1981 version of Tex.R.Civ.P. 386[2] authorized us to hear this appeal on its merits. Subsequently, on May 6, 1981, the Supreme Court refused an application for writ of error in *Briscoe v. Gulf Supply Co., Inc.*, 612 S.W.2d 88 (Tex.Civ.

---

1. The trial court should not have rendered judgment on the merits. The motion to modify should have been dismissed for want of prosecution. See *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428, at 431 (Tex.1959); 4 McDONALD, TEXAS CIVIL PRACTICE § 17.18 (Rev.1971). However, that erroneous judgment is not void. See *El Paso Pipe and Supply Company v. Mountain States Leasing, Inc.*, 617 S.W.2d 189 (Tex.1981); *Mann v. Gonzalez*, 595

S.W.2d 102 (Tex.1979); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, at 710 (Tex. 1961).

2. This rule now provides: "Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court or its authority to consider material filed late...."

App.—Fort Worth 1981, writ ref'd n.r.e.), which contains the statement at page 90 that:

> We would be without authority to treat a transcript as a proper part of the appellate record for purposes of disposition of the appeal on its merits when the appellant had neither "timely filed" it, by Rule 386, nor within the 15 days after that last day it might have been "timely filed," filed a motion to have extended the time within which it might be authorized to be filed by the provisions of Rule 21c.

 Since the quoted language controlled the disposition of the case in *Briscoe*, we conclude that the Supreme Court's notation of "no reversible error" means that the language in Tex.R.Civ.P. 386 (which provides that a late filing does not deprive the appellate court of jurisdiction) is limited by the language contained in Tex.R.Civ.P. 21c which requires that motions for extensions of time must be filed "within 15 days of the last date for filing as prescribed by the applicable rule or rules." To hold otherwise would permit an appellant to perfect an appeal, subject only to the discretion of the appellate court, without any time limitations on the filing of the transcript and statement of facts. Rule 21c not only has a time limitation, but it also requires a motion "reasonably explaining the need" for an extension of time. Therefore, we set aside our order dated April 2, 1981.

Appellant's motion to disregard the late filing is overruled. Appellees' motion to dismiss the appeal is granted.

The appeal is dismissed.

### ON REHEARING

Appellant asserts in his motion for rehearing that there is a conflict between the opinion in *Briscoe v. Gulf Supply Co., Inc.*, 612 S.W.2d 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.), and the opinion in *State v. Whittaker*, 617 S.W.2d 304 (Tex.Civ.App.—Tyler 1981, no writ). We agree that there is a conflict in these decisions, but we will follow *Briscoe* for the reasons stated in our original opinion and the additional reasons stated by this court

in *B. D. Click Company, Inc. v. Safari Drilling Corporation*, No. 5647 (Tex.Civ.App.—Eastland, August 28, 1981) (not yet reported).

*Safari* reviews the applicable Rules of Civil Procedure and quotes Tex.R.Civ.P. 437 which provides:

> (T)he court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c.

The motion for rehearing is overruled.