**B. D. CLICK COMPANY, INC.,**
Appellant,

v.

**SAFARI DRILLING CORPORATION**
et al., Appellees.

No. 5647.

Court of Civil Appeals of Texas, Eastland.

Aug. 28, 1981.

Joanne Strauss, Abilene, Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellant.

Charles Scarborough, Scarborough, Black, Tarpley & Scarborough, Roger Glandon, Glandon, Erwin, Baker, Choate & Elmore, Bob Lindsey, H. O. Quanah Parker, Legal Counsel, West Texas Marketing Corp., Bob

Hanna, Robinson, Hanna, Moore & Holloway, John W. Weeks, Abilene, for appellees.

RALEIGH BROWN, Justice.

Safari Drilling Corporation sued B. D. Click Company, Inc. on a debt. Click counterclaimed against Safari and Mohawk Mud Company urging various theories of recovery. Mohawk filed a cross action against Click. Based on the jury's verdict, judgment was entered that both Safari and Mohawk recover against Click on their claims and Click was denied recovery against both on its claims. B. D. Click Company, Inc. appeals. We dismiss the appeal.

Judgment in the cause was rendered on September 12, 1980. Click's amended motion for new trial was overruled by order dated November 14, 1980. A cash deposit in lieu of bond was timely filed November 19, 1980.

The transcript and statement of facts were not timely filed. Under the 1980 version of Tex.R.Civ.P. 386, they should have been filed within 60 days from the date of the order overruling the motion for new trial, that being January 13, 1981. Under the 1981 version of Tex.R.Civ.P. 386, they should have been filed within 100 days after the judgment was signed, that being December 21, 1980, since there was a timely filed motion for new trial. The transcript and statement of facts were not received by the clerk of this court until February 23, 1981. There was no timely motion for an extension of time under Tex.R.Civ.P. 21c.

On March 12, 1981, this court granted appellant's motion to consider the transcript and statement of facts filed late in this cause based on the 1981 version of Tex.R. Civ.P. 386 [1] which seemed to authorize us to hear this appeal on its merits. However, this court, considering the same issue in an opinion handed down on June 25, 1981, in cause No. 5645, *In Re: Michael James Brazil, Child,* 621 S.W.2d 811, said:

---

1. This rule now provides: "Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court or its authority to consider material filed late...."

On May 6, 1981, the Supreme Court refused an application for writ of error in *Briscoe v. Gulf Supply Co., Inc.*, 612 S.W.2d 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n. r. e.), which contains the statement at page 90 that:

> We would be without authority to treat a transcript as a proper part of the appellate record for purposes of disposition of the appeal on its merits when the appellant had neither "timely filed" it, by Rule 386, nor within the 15 days after that last day it might have been "timely filed," filed a motion to have extended the time within which it might be authorized to be filed by the provisions of Rule 21c.

Since the quoted language controlled the disposition of the case in *Briscoe*, we conclude that the Supreme Court's notation of "no reversible error" means that the language in Tex.R.Civ.P. 386 (which provides that a late filing does not deprive the appellate court of jurisdiction) is limited by the language contained in Tex.R.Civ.P. 21c which requires that motions for extensions of time must be filed "within 15 days of the last date for filing as prescribed by the applicable rule or rules." To hold otherwise would permit an appellant to perfect an appeal subject only to the discretion of the appellate court, without any time limitations on the filing of the transcript and statement of facts. Rule 21c not only has a time limitation, but it also requires a motion "reasonably explaining the need" for an extension of time.

Further support for this position is found in the application of the enlargement rules and the interpretation placed thereon by our Supreme Court.

Tex.R.Civ.P. 5 provides for enlargement of time within which an act must be performed by stating:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; *but it may not enlarge* the period for taking any action under the rules relating to new trials or motions for rehearing or *the period for taking an appeal* or writ of error *from the trial court to any higher court* or the period for application for writ of error in the Supreme Court, *except as stated in these rules* ; . . . (emphasis added)

Tex.R.Civ.P. 21c provides:

> An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts, motion for rehearing, or application to the supreme court for writ of error, *if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules.* (emphasis added)

Our Supreme Court in *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977), considering Rule 21c, said:

> The fifteen-day time limit is mandatory; and unless a motion is filed within fifteen days, the court of civil appeals cannot grant leave to file the instruments.

Tex.R.Civ.P. 437 states:

> A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, *provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c.* (emphasis added)

Prior to the adoption of Rule 21c, the Supreme Court in *Matlock v. Matlock*, 151 Tex. 308, 249 S.W.2d 587 (1952) considering the application of Rule 437 said:

Rule 5 vests broad discretion in courts to allow enlargement of the time within which some acts are required or allowed to be done, *but Rule 437 makes it clear that such discretion is not allowed in passing on a motion to enlarge the time for filing transcript and statement of facts in this language*: "the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except as contemplated by Rule 386." The Legislature has said in no uncertain terms that civil litigation should not be drawn out but should be disposed of with dispatch. By court rules we have sought to adhere to that policy. The end result should be a better administration of justice. That result cannot be obtained if the statute designed to attain it is not enforced according to its clear intent. (emphasis added)

Justice Pope and Mr. McConnico, in considering the necessity for a timely filed motion under Tex.R.Civ.P. 21c, said in "Practicing Law with the 1981 Texas Rules," 32 Baylor L.Rev. 509 (1980):

> Both 1981 Rules 385(d) and 386 state that failure to file the record in time shall not affect the court's jurisdiction or authority to consider late-filed material, but the court may dismiss the appeal for the delay. Rule 386 empowers the court also to affirm the judgment appealed from, disregard the late-filed material, or apply presumptions against the appellant.
>
> Rule 21c still says that time may be extended if a motion reasonably explaining the need for more time is filed within fifteen days of the last date for filing. *The motion to extend the time for filing should without fail, be filed not later than fifteen days after the time periods that appear above.* (emphasis added)

■ The fifteen-day time limit as provided by Tex.R.Civ.P. 21c being mandatory, we hold that a failure to timely file such a motion is not such a defect as to be one of the "informalities in the manner of bringing a case into court" that may be waived under Tex.R.Civ.P. 404.[2] *Williams v. Pitts,* 151 Tex. 408, 251 S.W.2d 148 (1952); *Amberson v. Wheeler,* 312 S.W.2d 438 (Tex.Civ. App.—San Antonio 1958, no writ).

■ Although Tex.R.Civ.P. 386, as amended effective January 1, 1981, declares that late filing of the transcript and statement of facts shall not affect the jurisdiction of this court, the rules dealing with enlargement of time in which an act must be performed to perfect an appeal or how an enlargement of time may be secured were not amended. We, therefore, hold that the time limitation as provided in Tex. R.Civ.P. 21c is applicable to the instant case.

■ This court in compliance with the procedure provided by Tex.R.Civ.P. 387(b), effective January 1, 1981, notified all parties on June 25, 1981, that the case would be dismissed because of appellant's failure to comply with Rule 21c. Appellant responded to such notice urging continuance of the appeal and consideration of the transcript and statement of facts because Rule 386 now provides: "Failure to file either the transcript or statement of facts within such time shall not affect the jurisdiction of the court or its authority to consider material filed late." For the reasons set forth herein, we disagree with such contention.

We set aside our order of March 12, 1981, and dismiss the appeal.

---

2. All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party.