Frank ALEJANDRO, Appellant,

v.

Mary Esther ALEJANDRO, Appellee.

No. 13571.

Court of Appeals of Texas, Austin.

Dec. 23, 1981.

Mack Ray Hernandez, Law Offices of Mack Ray Hernandez, Austin, for appellant.

Tom E. Garner, San Marcos, for appellee.

PER CURIAM.

This is an appeal from an order of the district court of Hays County modifying a pre-1974 order of child support. We withdraw the previously granted motion for extension of time to file the transcript and statement of facts and dismiss the appeal.

Judgment in the trial court was signed on March 11, 1981. No motion for new trial was filed by either party. Appellant Frank Alejandro's first motion for extension of time to file the transcript and statement of facts was filed on July 1, 1981, some one hundred and twelve days after the signing of the judgment.

No explanation has been advanced to justify the delay of some one hundred and twelve days before even the motion for extension of time, much less the transcript and statement of facts, was filed with the Court. An extension was granted by this Court, however, for the filing of both the transcript and the statement of facts until August 10, 1981.

Appellant's second motion for extension of time was filed August 7, 1981. The appellee has filed a motion to dismiss on certificate.

The twenty-eight page transcript was received by the Clerk on August 31, 1981. On September 10, 1981, the forty-four page statement of facts arrived at the Clerk's office.

Rule 386 of the Texas Rules of Civil Procedure, as amended in 1981, states, in pertinent part, "[t]he transcript and statement of facts, if any, shall be filed in the appellate court within 60 days after judgment is signed...."[1] Rule 21c adds,

"[a]n extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts ... if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules...."

Rule 386 counters:

"[f]ailure to file either the transcript or statement of facts within such time[2] shall not affect the jurisdiction of the Court or its authority to consider material filed late, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed late, or applying presumptions against the appellant, either on motion or on the court's own motion, as the court shall determine."

The purpose of the 1981 rule changes is "to eliminate, insofar as practical, the jurisdictional requirements which have sometimes resulted in disposition of appeals on grounds unrelated to the merits of the appeal."[3]

■ As a result, failure to file a motion for extension of time to file the transcript within the 15-day grace period afforded by Rule 21c is no longer jurisdictional. *Exposition Apartments v. Barba*, 624 S.W.2d 414 (Tex.App.—Austin, 1981); *Wallace v. Texas Employers' Insurance Association*, 624 S.W.2d 268 (Tex.App.—Dallas, 1981, no writ) (opinion not yet published); *Perez v.*

---

1. All references, unless otherwise indicated, are to the Texas Rules of Civil Procedure as amended, effective January 1, 1981.

2. Sixty days after the judgment is signed, if no motion for new trial is filed.

3. Barrow, *Appellate Procedure Reform*, 12 St. Mary's L.J. 615, 616 (1981).

*Longoria,* No. 16,880 (Tex.Civ.App.—San Antonio, Aug. 12, 1981, no writ) (per curiam) (opinion not yet published); *State v. Whitaker,* 617 S.W.2d 304 (Tex.Civ.App. 1981, no writ); *Sears v. State,* 610 S.W.2d 734, 735 (Tex.1980) (*dicta*); *contra, B. D. Click Co. v. Safari Drilling Corp.,* 625 S.W.2d 364 (Tex.Civ.App.—Eastland, 1981, writ granted); *In re Brazil,* 621 S.W.2d 811 (Tex.Civ.App.1981, no writ). However, beyond the grace period of Rule 21c, the movant has the additional burden of showing a reasonable explanation for the tardy filing of the *motion.*

In this case, neither the transcript nor statement of facts were filed within the sixty days provided by Rule 386, nor was a motion for extension of time filed within the fifteen day grace period of Rule 21c. Instead, the first motion for extension of time for filing was filed one hundred and twelve days after judgment was signed with no reasonable explanation for the delay being tendered.

Subsequent to the lapse of the seventy-five day-period granted by Rules 386 and 21c, this Court has discretion whether to consider a late-filed transcript, provided a reasonable explanation is shown which continues through the filing of the motion. *Exposition Apartments v. Barba, supra.*

The appellant has offered no reasonable explanation for the delay in filing the motion for extension of time to file the record one hundred and twelve days after judgment was signed. This Court will, in the exercise of its discretion pursuant to Rule 386, dismiss the appeal.

Original grant of additional time for filing of the transcript and statement of facts is withdrawn, the appeal is dismissed.