B. D. CLICK COMPANY, INC.,
Petitioner,

v.

SAFARI DRILLING CORPORATION et
al., Respondents.

No. C–761.

Supreme Court of Texas.

June 2, 1982.

Rehearing Denied Sept. 22, 1982.

Joanne Strauss, Abilene, Carr, Evans, Fouts & Hunt, Donald M. Hunt, Lubbock, for petitioner.

Scarborough, Black, Tarpley & Scarborough, Charles Scarborough, Roger Glandon, Robinson, Hanna, Moore & Holloway, Bob Hanna and John Weeks, Abilene, for respondents.

BARROW, Justice.

B. D. Click Company, Inc. (Click) appealed from a judgment rendered in favor of Safari Drilling Corporation and Mohawk Mud Company in an action on a debt. The court of civil appeals dismissed the appeal because the transcript and statement of facts were not timely filed. 625 S.W.2d 364. The question presented is whether the court of civil appeals has the authority, under the Texas Rules of Civil Procedure, to grant a motion to extend the time for filing the record in the absence of a Rule

21c[1] motion. We hold that it does not, and accordingly, affirm the judgment of the court of civil appeals.

■ This question arose because of the apparent conflict between Rule 21c, Rule 437 and Rule 386, as amended effective January 1, 1981. The 1981 amendments dealt with a number of the procedural rules relating to the time designated for taking various steps required for appellate review of a judgment. The laudable goal of these revisions was to eliminate, *insofar as practical,* the jurisdictional requirements which sometimes resulted in disposition of appeals without consideration of the merits.

Rule 386 was amended to make certain the time frame for filing the record. To this end, the rule signifies the date upon which the judgment is signed as the event triggering the commencement of the appellate timetable. The amended rule further provides:

> Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court or its authority to consider material filed late, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed late, or applying presumptions against the appellant, either on a motion or on the court's own motion, as the court shall determine.

Rule 21c, which was not amended by the 1981 revisions, authorizes extensions of time for filing the record by providing in pertinent part:

> (1) An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts, motion for rehearing, or application to the supreme court for writ of error, if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules.

Rule 437, which was amended by the 1981 revision, continues to recognize that an appellant must timely file, pursuant to Rule 21c, a motion for extension of time for filing the transcript and statement of facts. This rule provides:

> A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c.

An apparent conflict exists between the provision in Rule 386 that timely filing of the record is no longer "jurisdictional" and the mandatory requirement of Rule 21c that a motion for extension of time *must be filed within fifteen days* from the due date. This problem has resulted in inconsistent interpretations by various courts of appeal.

*Briscoe v. Gulf Supply Co., Inc.,* 612 S.W.2d 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.) held that the court of civil appeals lacks authority to grant an extension of time for filing the record when a motion for extension of time is not filed pursuant to Rule 21c. A similar result has been reached by the appellate courts in *In re Brazil,* 621 S.W.2d 811 (Tex.Civ.App.—Eastland 1981, no writ), as well as in the case now before us.

At the other extreme is the holding in *Wallace v. Texas Employers Ins. Ass'n,* 624 S.W.2d 268 (Tex.App.—Dallas 1981, no writ). The *Wallace* court held that amended Rule 386 gives the appellate court discretion to file a record irrespective of when the record is tendered. In so holding, it found that Rule 21c does not conflict with Rule 386, reasoning that Rule 21c requires the appellate court to file the record if a proper motion for extension of time is filed within fifteen days, whereas Rule 386 only gives the appellate court discretion to consider

---

1. All references to rules are to the Texas Rules of Civil Procedure.

the late filing. The court further held that Rule 437 is no longer effective to the extent that it conflicts with Rule 386.

A third solution was reached in *Exposition Apartments Co. v. Barba,* 624 S.W.2d 414 (Tex.Civ.App.—Austin 1981, no writ). The court said that an appellant must timely file a Rule 21c motion if counsel was aware that he would need a transcript before the time for filing the record had expired. On the other hand, if counsel was not aware that a transcript was due to be filed until after the time permitted for filing a Rule 21c motion had expired, the appellate court will consider his motion to determine if there is a reasonable explanation for his tardiness.

Other courts have avoided the problem by simply holding that a reasonable explanation was not given for the delay in filing the transcript. *See Brown v. Prairie View A&M Univ.,* 630 S.W.2d 405 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Alejandro v. Alejandro,* 627 S.W.2d 205 (Tex.App.—Austin 1981, no writ).

It must be recognized that the time limits prescribed by Rule 21c accomplish an important purpose by fixing the date a judgment becomes final. Valuable property and personal rights are fixed as of that time. If a record may be filed at any time after the cost bond is timely filed, a successful litigant will not know when the judgment becomes final. It is significant that Rule 21c was not revised in any manner by the 1981 amendment of the rules. To the contrary, the requirements of this rule were expressly reaffirmed in the revision of Rule 437. This is a clear indication that Rules 21c and 437 are viable and mean exactly what they say.

■ Rule 386 does not purport to furnish any time limits for filing a motion for extension of time or to require any specific grounds as a basis for late filing of the record. Under our construction, Rule 386 does serve an important purpose by triggering the appellate timetable by the date the judgment is signed. Also, it makes available to the appellate court additional remedies when the record is not timely filed. For these reasons, Rule 386 is not in conflict with the time requirements of Rule 21c or with any other of the appellate procedural rules.

■ We hold that an appellant's motion for extension of time to file the transcript and statement of facts must be filed within fifteen days of the last day for filing as prescribed by Rule 21c. *See* Pope & McConnico, *Practicing Law with the 1981 Texas Rules,* 32 Baylor L. Rev. 457, 509. *See also* Rule 5, Tex.R.Civ.Pro. We disapprove the decisions in *Wallace v. Texas Employers Ins. Ass'n, supra* and *Exposition Apartments Co. v. Barba, supra* to the extent that they conflict with our holding.

■ The record here establishes that appellant Click did not timely file the transcript and statement of facts or file a motion for extension of time within fifteen days of the due date. Therefore, the court of civil appeals properly held that it did not have the authority to consider Click's motion for an extension of time for filing the record.

The judgment of the court of civil appeals is affirmed.