Ex parte Richard GREEN.

No. 69033.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 18, 1983.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an application for a writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P. Originally, this application was abated until such time as findings of fact and conclusions of law were entered by the trial court. Those findings of fact and conclusions of law are now before us.

■ Applicant originally pled guilty to an aggravated robbery charge in Cause No. 59,201 with the understanding that the State would not prosecute his brother and such was made a part of his plea bargain. After applicant's conviction on his plea of guilty, the State prosecuted applicant's brother, thus violating its part of the bargain. The trial court, after holding an evidentiary hearing on this application, found that the State did indeed breach the plea bargain agreement. The State then filed a motion to dismiss Cause No. 59,201. The trial court granted the State's motion and ordered a new trial.[1]

■ We find nothing to conflict with the trial court's findings or conclusions. Accordingly, the judgment of conviction in Cause No. 59,201 is set aside, and applicant is remanded to the Sheriff of Travis County to answer the indictment in Cause No. 59,-201.

It is so ordered.

---

1. It should be noted that Article 11.07, Section 3, V.A.C.C.P., provides in part:

"After conviction the procedure outlined in this Act shall be exclusive and any other proceedings shall be void and of no force and effect in discharging the prisoner."

Thus, the trial court in the instant case did not have authority to dismiss Cause No. 59,201 and grant a new trial. See *Ex parte Williams,* 561 S.W.2d 1 (Tex.Cr.App.1978); *Ex parte Beck,* 621 S.W.2d 811 (Tex.Cr.App.1981) (footnote 1).