Leonard L. MILLER, et al., Appellants,

v.

SAM MONTGOMERY OLDSMOBILE
COMPANY, Appellee.

No. 01–82–0591–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1983.

Rehearing Denied Aug. 11, 1983.

James T. Mullins, Houston, for appellants.

S. Lee Stevenson, Jr., Houston, for appellee.

Before EVANS, C.J., and COHEN and DOYLE, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from an order granting the appellee's motion for non-suit without prejudice.

Sam Montgomery Oldsmobile Company filed suit against Leonard Miller, Dan Gregory, and James Murphy to recover damages for breach of a written contract of sale. Trial was before a jury. The court sustained a motion for instructed verdict as to Murphy and Gregory, but denied the motion as to Miller. The appellee presented a motion for non-suit as to Miller, stating in its motion that it did not want to prosecute this matter until it could obtain a written assignment of a contract between General Motors Acceptance Corporation and the appellee, which related to the contract on which the suit was based. The court granted the appellee's motion. Miller then filed

a motion for entry of judgment on which the court took no action.

The appellant, in two points of error, contends that the trial court erred in entering the motion for non-suit, without prejudice, after the appellee rested its case and that the court erred in failing to enter the correct judgment, basing his contention on Rule 164, Tex.R.Civ.Pro.

Rule 164 states:

Upon the trial of any case at any time before plaintiff has rested his case, i.e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. (Amended by order of July 22, 1975, effective January 1, 1976)

The appellant states in his brief that the appellee's non-suit was filed after the plaintiff had rested its case. Although there is nothing in the transcript to support this statement, the assertion is unchallenged by the appellee, and he concedes in oral submission that it is correct. It will, therefore, be accepted as true. Rule 419, T.R.C.P.

The order granting the non-suit was signed on June 28, 1982. The appellant filed no motion for new trial. Under Tex.R.Civ.Pro. 386, the appellant had 60 days from the signing of the order to file his statement of facts. That time limit expired on August 27. Tex.R.Civ.Pro. 21c allows the appellant 15 days after the last date for filing the statement of facts to file a motion for extension of time to file the statement of facts. That time period expired September 11. The appellant filed a motion to extend time for filing the partial statement of facts on September 16 and this court extended the time. The appellant then filed a partial statement of facts on September 30.

■ Tex.R.Civ.Pro. 21c states that there is a fifteen day limitation on time within which an appellant must file a motion for extension of time to file the statement of facts. The rule is mandatory and it is not within the court's discretion to grant an extension once the fifteen day limit has expired. *B.D. Click Co., Inc. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex. 1982). The appellant's motion for an extension of time to file the partial statement of facts was improvidently granted and this court cannot consider the statement of facts on appeal.

■ There is authority for the proposition that a trial court may, in its discretion, grant a motion for non-suit after the plaintiff has rested as an exception to Rule 164. In *O'Brien v. Stanzel,* 603 S.W.2d 826 (Tex. 1980) the Texas Supreme Court stated the difference between Tex.R.Civ.Pro. 164 enacted in 1853 and the rule as amended in 1976. Under the former rule one could take non-suit at any time before the jury retired, whereas, under the new rule a non-suit may be taken at any time before the plaintiff rests its case.

In *O'Brien,* intervenors applied for probate of a lost will and the trial court dismissed their application without prejudice when they moved for non-suit after all the parties had rested. The court of civil appeals reversed and rendered judgment dismissing the application to probate with prejudice. The intervenors appealed to the Supreme Court of Texas contending that the court of civil appeals erred in holding that Rule 164 prohibits a non-suit after they rested. The court held:

We do not hold that there are no situations in which a trial court may exercise discretion even though the trial has progressed beyond the rule's point of no return, but this case does not present one of those situations. One should not be permitted to take a non-suit so that he can have another day and another try after he has announced ready, picked a jury, and heard and seen all of the witnesses unfold all of the contentions of a three-sided controversy that has proceeded to the point that all parties have closed after a trial that lasted a week. Under such circumstances, one may not prevent a final judgment on the merits by moving for a nonsuit. See 4 McDonald, Texas Civil Practice § 17.16.2 (1971). While cir-

cumstances may arise which, in a court's discretion, constitutes grounds for a nonsuit late in a trial, intervenors make no suggestion that another trial would enable them to produce any more evidence than has already been presented.

In the instant case, the appellee noted in its motion for nonsuit that it did not desire to prosecute the matter any further until it could obtain a written assignment of a contract between General Motors Acceptance Corporation and the appellee. In the absence of a statement of facts, we cannot determine the matters before the trial court when it granted the appellee's motion for non-suit. Therefore, we must presume that the trial court did not abuse its discretion in granting the appellee's motion at that stage of the proceedings. The appellee's two points of error are overruled.

The judgment of the trial court is affirmed.