In the Matter of the ESTATE OF Rosemary Tickle KREFT, Deceased.

**John B. TICKLE, Appellant,**

v.

**Louise THAMAN, Appellee.**

**No. 01-83-0526-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 13, 1983.

---

Benjamin Powel, Larry J. Goldman, Otto D. Hewitt, McLeod, Alexander, Powel & Apffel, Galveston, for appellant.

Theodore B. Stubbs, Markwell & Stubbs, Joel W. Ellis, III, G. William Rider, Rider & Wilson, Alton C. Todd, Brown, Todd, Hagood & Davenport, Galveston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

PER CURIAM.

This is an appeal from a judgment entered in a will contest. The transcript and statement of facts were due to be filed in this court on June 13, 1983. Any request for extension of time for late filing was due by June 28, 1983. A motion to extend time to file a statement of facts was received June 8, 1983. However, a motion to extend time to file the transcript was not filed until July 18, 1983, six days after receipt of the transcript, July 12, 1983.

It appears that appellant's motion to extend time to file statement of facts was timely, and could therefore have been properly granted. However, the motion to extend time to file the transcript was filed twenty days after the Rule 21c deadline. The timely motion to extend time to file the statement of facts does not mention the transcript and cannot be construed to include the transcript. See *Escamillo v. Strong*, 582 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1977, no writ). This court has no power to consider a motion to extend filed after June 28, 1983, regardless of the reason for late filing. *B.D. Click Co., Inc. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

In the absence of a timely filed transcript, nothing is presented for appellate review. *Briscoe v. Gulf Supply Co., Inc.*, 612 S.W.2d 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.).

Accordingly, the appeal is ordered dismissed.

Tex.R.Civ.P. 452.