Stevenson v. Autry 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-056-CV





PATRICIA STEVENSON, INDIVIDUALLY AND AS NEXT FRIEND

OF DON RICO STEVENSON, A MINOR; LETA PIERRE;

DAVID JONES; AND BERNICE ARMSTRONG,


 APPELLANTS


vs.





SANDRA A. AUTRY, RECEIVER,

AMERICAN PACER INSURANCE COMPANY,


 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 92-06935, HONORABLE B.F. COKER, JUDGE PRESIDING


 




PER CURIAM

 The district court signed a final summary judgment on September 14, 1993, which
contained a "Mother Hubbard" clause. A motion for new trial was due in the district clerk's
office by October 14, 1993. Appellants Patricia Stevenson, individually and as next friend of Don
Rico Stevenson, a minor; Leta Pierre; David Jones; and Bernice Armstrong filed a "motion for
rehearing" on October 25, 1993. Because no timely motion for new trial was filed, the district
court maintained plenary power over the September 14, 1993, judgment for thirty days, i.e.,
through October 14, 1993. Tex. R. Civ. P. 329b (d), (f). The district court signed an alleged
final judgment on December 7, 1993, which discusses the motion for rehearing, but otherwise
grants the same relief as the September 14 judgment. The December 7 judgment, which
appellants presumably have used to calculate their appellate deadlines, was signed outside the
district court's plenary jurisdiction and, therefore, was a nullity.

 The perfecting instrument, an appeal bond, was tendered for filing with the district
clerk on January 6, 1994. Because no timely motion for new trial was filed, the perfecting
instrument was due by October 14, 1993, thirty days after the judgment was signed. Tex. R.
App. P. 41(a)(1). A motion for extension of time for late filing the perfecting instrument was due
to be tendered to the Clerk of this Court by October 29, 1993, fifteen days after the last date for
filing the perfecting instrument. Tex. R. App. P. 41(a)(2).

 The transcript was tendered for filing with the Clerk of this Court January 28,
1994. Because no timely motion for new trial was filed, the transcript was due by November 15,
1993, sixty days after the judgment was signed. Tex. R. App. P. 54(a). A motion for extension
of time for late filing the transcript was due by November 30, 1993, fifteen days after the last date
for filing the record. Tex. R. App. P. 54(c); see B.D. Click Co. v. Safari Drilling Corp., 638
S.W.2d 860, 862 (Tex. 1982).

 Because the perfecting instrument and the transcript have not been timely filed, we
will dismiss the appeal for want of jurisdiction. Tex. R. App. P. 41(a)(1), 54(a), 60(a)(2).

 The appeal is dismissed.


Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: March 9, 1994

Do Not Publish