Evans 



NO. 07-94-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 25, 1994



______________________




BOBBY CHARLES EVANS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



______________________



FROM THE 50TH JUDICIAL DISTRICT COURT OF COTTLE COUNTY;



NO. 2680; HONORABLE DAVID HAJEK, JUDGE


______________________




Before REYNOLDS, C.J., and DODSON and BOYD, JJ.


 Appellant Bobby Charles Evans was convicted of the offense of delivery of a controlled
substance and his punishment was assessed at twenty-five (25) years confinement. Attempting to
appeal from his conviction, he has untimely filed a motion to extend the time for filing a notice of appeal. As this court lacks jurisdiction to consider his appeal, we must overrule the
motion and dismiss the appeal.


 In his extension motion, appellant states that the trial court imposed sentence on October
20, 1993. Thereafter, appellant filed a motion for new trial "on or about" December 6, 1993,
with a hearing on the motion being held on January 25, 1994. On February 10, 1994, the trial
court signed an order overruling the motion for new trial, a copy of which is attached to
appellant's extension motion.


 Pursuant to Rule 41(b)(1) of the Texas Rules of Appellate Procedure, in the absence of a
motion for new trial, an appeal is perfected by filing a notice of appeal with the trial court within
thirty (30) days after the date sentence is imposed. If a motion for new trial is timely filed, notice
of appeal shall be filed within ninety (90) days after the day sentence is imposed. Inasmuch as
a motion for new trial must also be filed within thirty (30) days after sentence is imposed, Tex.
R. App. P. 31(a)(1), appellant's motion for new trial was untimely filed and does not serve to
extend the time for perfecting the appeal. That being the case, to be timely, it was necessary for
appellant to file his notice of appeal not later than November 21, 1993.


 Even if the motion for new trial had been timely filed, and even if the trial court had not
signed the order overruling it, the motion for new trial would have been overruled by operation
of law on January 3, 1994. Tex. R. App. P. 31(e)(1)(3). Thus, even under that scenario, to be
timely, notice of appeal must have been given not later than February 2, 1994.


 If the notice of appeal is not timely filed, the appellate court lacks jurisdiction over the
appeal, Rodarte v. State, 860 S.W.2d 108, 110 (Tex.Crim.App. 1993), unless the notice of appeal
and a motion for extension of time to file such notice are filed within fifteen (15) days after the
last day allowed to file the notice of appeal. Tex. R. App. P. 41(b)(2). The rule imposing the
fifteen-day limit for filing the motion for an extension of time has been, since its inception,
construed as mandatory. Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977). Therefore,
the appellate court does not have the authority to consider an extension motion tendered after the
fifteen-day limit. B. D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 861 (Tex. 1982).


 Inasmuch as appellant's motion for extension of time for filing his notice of appeal was not
filed within fifteen (15) days after the last day allowed for its filing, no timely notice of appeal
was given. Thus, we have no jurisdiction to consider this appeal and it must be dismissed. Shute
v. State, 744 S.W.2d 96, 97 (Tex.Crim.App. 1988). That being true, appellant's motion is moot
and must be overruled.


 Accordingly, appellant's appeal is dismissed.


 John T. Boyd

 Justice


Do not publish.



amily: 'Arial', sans-serif">_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,146-C; HON. ANA ESTEVEZ, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Joe Christian Salazar appeals his conviction for burglary of a building. His sole
issue concerns the trial court’s decision denying his request for an instruction on the
offense of criminal trespass. The latter allegedly was a lesser-included offense of the
crime for which he was indicted. We disagree and affirm the judgment. 
          Law 
          With the advent of Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007), the
methodology used in determining whether an accused is entitled to an instruction on a
lesser-included offense has changed. The test still consists of two elements, and the latter
still focuses on whether “evidence [appears of record] that supports giving the instruction
to the jury.” Id. at 536. The former element differs, however. Now we are to compare “the
elements of the offense as they are alleged in the indictment or information with the
elements of the potential lesser-included offense.” Id. at 535-36. In doing so, “we do not
consider the evidence that was presented at trial.” Id. at 536. Instead, “we consider only
the statutory elements [of the crimes charged] as they were modified by the particular
allegations in the indictment . . . .” Id. Then, we ask whether “the elements of the lesser
offense [are] ‘established by the proof of the same or less than all the facts required to
[establish] the commission of the offense charged.’” Id. (quoting Tex. Code Crim. Proc.
Ann. art. 37.09 (Vernon 2006)). If they are not, then a trial court acts properly in
withholding the instruction. Id. at 536-37.
          Application of Law
          Here, appellant was indicted for burglary of a habitation. Furthermore, through the
indictment, the State alleged that he “intentionally or knowingly entered a habitation,
without the effective consent of Linda Pohlmeier, the owner of the habitation, and
attempted to commit or committed theft of property.” Missing from this allegation is any
statutory or factual allegation concerning whether appellant knew that the entry was
forbidden or received notice to depart but did not. This is of import for one or the other is
a prerequisite to conviction for criminal trespass. Tex. Pen. Code Ann. §30.05(a)(1) & (2)
(Vernon Supp. 2007) (defining criminal trespass as entering or remaining on or in property
of another without effective consent or entering or remaining in a building of another
without effective consent and having notice that the entry was forbidden or receiving notice
to depart but failing to do so). 
          That the indictment before us may have alluded to the absence of the owner’s
“effective consent” is of no import in this instance. This is so for several reasons. First, the
crime of criminal trespass requires both the absence of effective consent and either notice
that entry was forbidden or that one’s presence is no longer welcomed. Id. To equate the
two, as appellant suggests at bar, is to effectively nullify a portion of the penal statute, and
that we will not do. Second, while it may be that someone is not welcomed onto property,
that does not necessarily mean that he knew of that fact. Not only can sentiment be
hidden but also changed. So, not until the accused becomes aware of the owner’s
sentiment and then acts or refuses to act does he commit criminal trespass. 
          In sum, the elements or facts necessary to convict one of criminal trespass were
missing from the charge of burglary as modified by the indictment at bar. Consequently,
the former was not a lesser-included offense of the latter, and the trial court did not err in
refusing to treat it as one.



          We overrule the issue and affirm the judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Publish.