NO. 07-94-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 25, 1994

_____

BOBBY CHARLES EVANS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 50TH JUDICIAL DISTRICT COURT OF COTTLE COUNTY;

NO. 2680; HONORABLE DAVID HAJEK, JUDGE

_____

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

Appellant Bobby Charles Evans was convicted of the offense of delivery of a controlled substance and his punishment was assessed at twenty-five (25) years confinement.  Attempting to appeal from his conviction, he has untimely filed a motion to extend the time for filing a notice of appeal.  As this court lacks jurisdiction to consider his appeal, we must overrule the motion and dismiss the appeal.

In his extension motion, appellant states that the trial court imposed sentence on October 20, 1993.  Thereafter, appellant filed a motion for new trial "on or about" December 6, 1993, with a hearing on the motion being held on January 25, 1994.  On February 10, 1994, the trial

court signed an order overruling the motion for new trial, a copy of which is attached to appellant's extension motion.

Pursuant to Rule 41(b)(1) of the Texas Rules of Appellate Procedure, in the absence of a motion for new trial, an appeal is perfected by filing a notice of appeal with the trial court within thirty (30) days after the date sentence is imposed. If a motion for new trial is timely filed, notice of appeal shall be filed within ninety (90) days after the day sentence is imposed. Inasmuch as a motion for new trial must also be filed within thirty (30) days after sentence is imposed, Tex. R. App. P. 31(a)(1), appellant's motion for new trial was untimely filed and does not serve to extend the time for perfecting the appeal. That being the case, to be timely, it was necessary for appellant to file his notice of appeal not later than November 21, 1993.

Even if the motion for new trial had been timely filed, and even if the trial court had not signed the order overruling it, the motion for new trial would have been overruled by operation of law on January 3, 1994. Tex. R. App. P. 31(e)(1)(3). Thus, even under that scenario, to be timely, notice of appeal must have been given not later than February 2, 1994.

If the notice of appeal is not timely filed, the appellate court lacks jurisdiction over the appeal, *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex.Crim.App. 1993), unless the notice of appeal and a motion for extension of time to file such notice are filed within fifteen (15) days after the last day allowed to file the notice of appeal. Tex. R. App. P. 41(b)(2). The rule imposing the fifteen-day limit for filing the motion for an extension of time has been, since its inception, construed as mandatory. *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977). Therefore, the appellate court does not have the authority to consider an extension motion tendered after the fifteen-day limit. *B. D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 861 (Tex. 1982).

2

Inasmuch as appellant's motion for extension of time for filing his notice of appeal was not filed within fifteen (15) days after the last day allowed for its filing, no timely notice of appeal was given. Thus, we have no jurisdiction to consider this appeal and it must be dismissed. *Shute v. State*, 744 S.W.2d 96, 97 (Tex.Crim.App. 1988). That being true, appellant's motion is moot and must be overruled.

Accordingly, appellant's appeal is dismissed.

John T. Boyd
Justice

Do not publish.