IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00103-CV

 

In re
Saddle Brook West Apartments

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Saddle Brook West Apartments seeks a
writ of mandamus compelling Respondent, the Honorable Michael B. Gassaway,
Judge of the County Court at Law No. 2 of McLennan County, to set aside an
order granting Ramiro Quiroga a stay of proceedings under the Servicemembers
Civil Relief Act in Saddle Brook’s suit against Quiroga for breach of
contract.  We will deny the relief requested.

Background

            Saddle Brook filed suit against
Quiroga in December 2004.  Quiroga was not served until March 2007.  He
promptly answered the suit with a general denial and later amended his answer
to include several counterclaims.  On July 12, 2007, the Department of the Army
issued memoranda authorizing Quiroga to report to Fort Benning, Georgia, for service in the Persian Gulf region as a civilian contractor, and he responded
accordingly.

            One month later, Quiroga’s counsel
filed a request for a stay under the Servicemembers Civil Relief Act.  See
50 U.S.C.S. app. §§ 501-596 (LexisNexis 1996 & Supp. 2007).  Respondent
held a hearing on the request for stay then signed an order granting the
request on November 27.

            Saddle Brook filed this mandamus petition
on March 26, 2008.

Mandamus Relief

            “Mandamus relief is an extraordinary
remedy that issues only if the court clearly abused its discretion and the
relator has no adequate remedy by appeal.”  In re Sw. Bell Tel. Co., 235
S.W.3d 619, 623 (Tex. 2007).  Generally, appellate courts have considered the
erroneous grant of a stay or continuance to be an incidental trial ruling for
which there is an adequate remedy by appeal.  See, e.g., In re Smart,
103 S.W.3d 515, 521 (Tex. App.—San Antonio 2003, orig. proceeding).  In these
circumstances, mandamus relief is not available.  Id.

            However, mandamus relief is sometimes granted
when an erroneous continuance operates to deny a litigant of a peculiar right
not available to litigants in general or directly interferes with the
jurisdiction of another court or administrative body.  See, e.g., City of
Galveston v. Gray, 93 S.W.3d 587, 590-93 (Tex. App.—Houston [14th Dist.]
2002, orig. proceeding) (mandamus relief granted where trial court granted
plaintiff’s continuance motion and refused to rule on city’s and county’s pleas
to the jurisdiction premised on governmental immunity); In re Bishop, 8
S.W.3d 412, 421 (Tex. App.—Waco 1999, orig. proceeding) (mandamus relief
granted where trial court erroneously granted an extension of the dismissal
deadline provided by section 263.401 of the Family Code for parental-rights
termination suits); Gulf Energy Pipeline Co. v. Garcia, 884 S.W.2d 821,
824 (Tex. App.—San Antonio 1994, orig. proceeding) (mandamus relief granted
where trial court granted continuance of eminent domain proceedings which
interfered with statutory duty of special commissioners to set and conduct such
proceedings).

Application

            The general rule is that mandamus
relief is not available to review the granting of a continuance motion.  See
Smart, 103 S.W.3d at 521.  Saddle Brook’s case does not present any
exceptional circumstances which would lead us to conclude that it has no
adequate remedy by appeal.  Cf. City of Galveston, 93 S.W.3d at
592; Bishop, 8 S.W.3d at 421; Gulf Energy Pipeline, 884 S.W.2d at
824.  Therefore, we deny Saddle Brook’s petition for writ of mandamus.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

            (Chief
Justice Gray concurs in the judgment denying the petition for writ of
mandamus.  A separate opinion will not issue.  He notes, however, that the
majority issued an order dated March 31, 2008 in which a response was
requested.  The order includes the statement “Chief Justice Gray not
participating.”  This statement is erroneous.  Rather than order a response I
voted as follows:  “Saddle Brook West Apartments seeks relief of an order
granting a stay for eight months under the Service Members Civil Relief Act. 
The stay was granted four months ago.  There are four months remaining in the
stay as ordered.  I would deny the petition for mandamus because of Saddle
Brook’s delay in seeking relief.  Even if the Act does not apply, I cannot say
the trial court abused his discretion in granting the requested delay.”)

Petition denied

Opinion delivered and
filed May 21, 2008

[OT06]








 






0;    By filing a motion for new trial and properly perfecting his appeal, Hanners had until
November 4 to timely file a record. Tex. R. App. P. 5(a), 54(a,c). Under Rule of Appellate
Procedure 54(c), Hanners was allowed an additional fifteen days from November 4 in which to
move for an extension of time to file his record on showing a reasonable explanation for his failure
to file the record timely. Id. 54(c). When no motion was filed by November 19, we sent the
parties a letter on November 21 notifying them that the cause was subject to dismissal for failure
to timely file a record. See id. 83.
      In a motion postmarked November 20, 1996, and filed November 22, 1996, Hanners
requested that we extend the time in which to file the record. The deadline for filing or mailing
the motion, however, was November 19. Id. 4(f), 54(a,c). Therefore, Hanners mailed it one day
late. Id. We do not have authority to grant an untimely motion to extend the time to file the
transcript. Texas Instruments v. Teletron Energy Management, 877 S.W.2d 276, 278 (Tex. 1994);
B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982); Jarrell v. Serfass, 916
S.W.2d 719, 720 (Tex. App.—Waco 1996, no writ); Nueces Canyon Consol. Ind. v. Cent. Educ.,
900 S.W.2d 417, 419 (Tex. App.—Austin 1995, no writ). Therefore, Hanners' motion to extend
the time in which to file the record must be dismissed as untimely.
      Without a timely filed record and with this court lacking the authority to grant an untimely
filed motion to extend the time to file the record, this court has no authority to consider Hanners'
appeal. Tex. R. App. P. 54(a); B.D. Click Co. v. Safari Drilling Corp., 625 S.W.2d 364, 367
(Tex. App.—Eastland 1981), aff'd, 638 S.W.2d 860 (Tex. 1982); see Jarrell, 916 S.W.2d at 720. 
Therefore, his appeal is dismissed.
 
                                                                               PER CURIAM

Before Chief Justice Davis,
         Justice Cummings, and
         Justice Vance
Dismissed for failure to file transcript
Opinion delivered and filed December 18, 1996
Do not publish