

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. WR-91,482-01

### EX PARTE STEVEN L. VERNON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2006-412,948A IN THE 140TH DISTRICT COURT
## FROM LUBBOCK COUNTY

NEWELL, J., filed a concurring opinion in which RICHARDSON, J., joined.

Applicant pleaded guilty to tampering with a witness and received a prison sentence of twenty-five years. He filed an "agreed application" for a writ of habeas corpus signed by the Lubbock County District Attorney.[1] Applicant alleges that he agreed to plead guilty pursuant to the State's agreement not to protest his future parole applications.

---

[1] The District Attorney in this case approved the "agreed application" in form and content. The habeas attorney who swore to the agreed application was the same attorney who had represented Applicant in his original plea bargain. Applicant later filed his application on the requisite Article 11.07 form.

Despite the agreement, the DA's Office filed parole objection letters with the Board of Pardons and Paroles with each early release consideration event. Applicant was denied parole for several years. The District Attorney who ran the office during this time eventually retired, and the subsequent District Attorney, who had served as the trial chief during the same time period, became aware of the issue with Applicant's plea bargain. She sent a notice withdrawing the previous protest and, as mentioned above, signed the agreed application for post-conviction relief. She also swore to an affidavit that was filed along with the application, which corroborated the facts alleged in the agreed application. Both parties agreed that no evidentiary hearing was necessary to resolve the application.

The habeas court entered agreed findings of facts based upon its review of the documents filed. It found the allegations in both the sworn agreed application and the affidavit of the Elected District Attorney to be credible. Based upon the documents presented, the habeas court found that there was a plea bargain and that the State had breached it. When the State breaches its promise on an executed plea, the defendant has

pleaded guilty on a false premise.[2]  Habeas relief is appropriate in the face of a breach of a plea bargain.[3]  The habeas court recommends granting relief.

Rather than remand the case, the Court gives the parties what they ask for.  The District Attorney forthrightly acknowledges that a mistake was made.  Her effort to fix it should be applauded rather than second-guessed.[4]  The habeas court's recommendation and fact findings are supported by the record, and the Court rightly grants relief.[5] With these thoughts, I join the Court's order.

Filed: February 3, 2021

Do Not Publish

---

[2] *Bitterman v. State*, 180 S.W.3d 139, 141–42 (Tex. Crim. App. 2005) ("When the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand.").

[3] *Ex parte Green*, 644 S.W.2d 9 (Tex. Crim. App. 1983) (granting habeas relief where after applicant's conviction on his plea of guilty, the State prosecuted applicant's brother, violating its part of the bargain).

[4] TEX. CODE CRIM. PROC. art. 2.01 ("It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done."). *See Strickler v. Greene*, 527 U.S. 263, 281 (1999) (remarking on the special role played by the American prosecutor in the search for truth in criminal trials, which is not that "'of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done") (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)).

[5] *See Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008) (this Court ordinarily defers to the habeas court's fact findings when those findings are supported by the record).