William A. MOORE, et ux., Doris B. Moore, Appellants,

v.

Edgar WALLACE, Appellee.

No. 04–82–00080–CV.

Court of Appeals of Texas, San Antonio.

Dec. 28, 1983.

Rehearing Denied Jan. 18, 1984.

Frank Y. Hill, Jr., Boerne, for appellants.

George B. Butts, Austin, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

OPINION

PER CURIAM.

Plaintiffs, William A. Moore and wife, Doris B. Moore, appeal from a judgment rendered against them and in favor of defendants, Pioneer National Title Insurance Company, Fidelity Abstract and Title Company, Pat Tinley, Edgar Stephens, Tom Sandlin and Edgar Wallace. By a previous order, this Court dismissed the appeal as to all defendants except Wallace.

Appellants filed the transcript twenty-three (23) days late and filed the statement of facts almost three months late. Their motion to extend the time for filing the record was not timely filed.

The Court, relying on *B.D. Click Co., Inc. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982), denied the requested extension on the ground that we lacked the power to grant a motion for extension of time which was not timely filed. In the opinion denying the extension, this Court ordered appellants to show cause why their appeal should not be dismissed.

Appellants' "Response to Show Cause Order" was based on arguments that the *Click* decision was not applicable; that the failure of the trial court to comply with the affirmative command of TEX.R.CIV.P. 376 should not deprive them of their right to appeal; and that the proper administration of justice requires that an appellate court have discretion to determine whether sufficient cause exists in a particular case to justify hearing an appeal even though the record is not timely filed and no motion for extension of time has been filed within the time prescribed by Rule 21c.

*Click* is clearly in point. The precise question presented to the Supreme Court was whether our intermediate appellate courts have the authority to grant a motion to extend the time for filing the record in the absence of a Rule 21c motion. The Court, in simple and unambiguous language, said, "We hold that it does not, and

accordingly, affirm the judgment" dismissing the appeal. 638 S.W.2d at 861.

In *Wallace v. Texas Employers' Insurance Association,* 624 S.W.2d 268 (Tex.Civ. App.—Dallas 1981, no writ), the Court held that Rule 386, as amended effective January 1, 1981, gives an appellate court discretion to file a record irrespective of when the record is tendered. The Dallas Court concluded that Rule 21c requires the appellate court to file the record if a proper motion for extension of time is timely filed, while Rule 386 merely gives the appellate court the discretion to consider the record even though it is not timely filed.

In *Exposition Apartments Co. v. Barba,* 624 S.W.2d 414 (Tex.Civ.App.—Austin 1981, no writ), the Court held that a motion for extension of time must be filed under Rule 21c if appellant became aware that he would need a transcript before the time for filing the record had expired, but if appellant did not become aware that a transcript was due to be filed until after the time for filing a Rule 21c motion had expired, the appellate court would consider his motion to determine if it reflects a reasonable explanation for the failure to file the record during the prescribed time.

In *Click* the Supreme Court expressly disapproved the decisions in *Wallace* and *Barba,* saying that the motion for extension of time must be filed "within fifteen days of the last day for filing as prescribed by Rule 21c," and that unless the motion for extension of time is timely filed the appellate court does "not have the authority to consider" it. 638 S.W.2d at 862.

It is clear that the *Click* decision is based on the effect of the amendments which became effective on January 1, 1981. 638 S.W.2d at 868. Appellant contends that the case now before us is not controlled by *Click* because *Click* did not consider the effect of Rule 376, as amended effective January 1, 1981. That Rule now provides that the clerk of the trial court shall prepare the transcript upon the filing of the cost bond or deposit and immediately transmit the transcript to the appellate court designated by the appealing party. Appellant's contention, in effect, is that the duty of filing the transcript in the appellate court is no longer the duty of the party appealing, since Rule 376 imposes that duty on the clerk of the trial court. We do not agree.

Prior to the amendment of Rule 376, which became effective on January 1, 1981, Rule 376 provided that the clerk of the trial court, on written direction of appellant, should prepare the transcript "for transmission to the appellate court." The amendment, in effect, deleted "for transmission to the appellate court" and substituted "and immediately transmit to the appellate court...." There is no basis for concluding that the amendment was intended to relieve the appealing party of all responsibility for compliance with the rules prescribing the time in which the transcript should be filed in the appellate court and casting full responsibility for timely filing on the clerk of the trial court. It is the appellant who seeks review of the judgment of the trial court, and the clerk is not a party to the appeal. In any event, there is nothing in the rules to suggest that, should the transcript not be timely filed, it is the responsibility of the clerk to file a Rule 21c motion for extension of time. The appellant and his counsel should be held solely responsible for the filing of the motion for extension of time, and the failure to file such a motion within the time prescribed by Rule 21c cannot be excused by simply pointing an accusatory finger at the clerk of the trial court.

The appeal is dismissed.