**Paul G. VEALE, Sr.; Paul G. Veale, Jr.; Gary W. Gipson; James H. Parker; and Paul G. Veale & Company, Appellants,**

**v.**

**Larry L. ROSE, Appellee.**

**No. 13–84–365–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 29, 1984.

Rehearing Denied Jan. 3, 1985.

Second Motion for Rehearing Overruled
Jan. 31, 1985.

Neil Norquest, Ewers, Toothaker & Ewers, McAllen, for appellants.

Edwin R. Fleuriet, Wiley, Hale & Fleuriet, Harlingen, for appellee.

OPINION

PER CURIAM.

The transcript in the above cause was received on the 13th of November, 1984. The transcript was determined to be late, and no motion for extension of time to file the transcript was timely filed. TEX.R. CIV.P. 21c.

The Court, having found that the transcript was not timely filed, is of the opinion that the appeal should be dismissed. TEX. R.CIV.P. 386. The appeal is hereby DISMISSED.

ON REHEARING

This is an appeal from a judgment entered on July 11, 1984. A timely motion for new trial was filed, and the transcript and statement of facts were due to be filed in this Court on October 19, 1984.

On September 26, 1984, appellants filed a motion for extension of time to file the *statement of facts* in the above cause. This motion was granted by this Court on October 4, 1984, and the time for filing the *statement of facts* was extended to January 17, 1985.

On October 10, 1984, appellants filed a motion to consider the record in the previous appeal. Appellee filed a response to this motion on October 15, 1984, stating that he had no objection to this Court considering all previous pleadings and judgments; however, he did object to the consideration of any evidence introduced in the prior case that is before this Court as a part of the record of the previous appeal. Appellants' motion to consider the record in the previous appeal was granted on October 25, 1984, six days after the original transcript was due; however, this Court limited the designation of the previous record to pleadings and judgments and instructed appellants to file, within ten days from the granting of this motion, a letter designating the specific pleadings and judgments to be considered by the Court. On

November 2, 1984, appellants filed a motion for extension of time for designating specific portions of the record in the previous appeal. This motion was granted by this Court on November 15, 1984, and the time for filing the designation was extended to February 18, 1985.

On November 13, 1984, appellants filed a motion for supplemental transcript and a partial designation of specific previous pleadings and judgments in the record that the Court should consider. The supplemental transcript was also tendered at this time. On November 26, 1984, a check in the amount of $50.00 was tendered by appellants in payment of the filing fee in the above cause. This check was returned to appellants on November 27, 1984, because, pursuant to Tex.R.Civ.P. 388a, the filing fee is not due until the *transcript* is filed.

Appellants failed to file the transcript in the above cause within the time provided by Tex.R.Civ.P. 386, and a motion for extension of time to file the transcript was not filed pursuant to Tex.R.Civ.P. 21c.

Tex.R.Civ.P. 386 provides, in pertinent part, as follows:

> *Failure to file* either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court, but *shall be ground for dismissing the appeal,* affirming the judgment appealed from, disregarding materials filed, or applying presumptions against the appellant, either on appeal or on the court's own motion, as the court shall determine. The court shall have *no authority* to consider a late filed transcript or statement of facts, except as permitted by Rule 21c. (Emphasis added.)

There being no transcript on file in this Court, the motion to file supplemental transcript was denied, and the appeal was dismissed by this Court on November 29, 1984.

 Appellants argue, in their motion for rehearing, that this Court erred in dismissing the appeal without affording notice, pursuant to Rule 388, that the original record which the Court was to consider in

the instant case contained a defect. Tex.R. Civ.P. 388 states that, *upon receipt of the transcript*, the Clerk of the Court shall examine it in order to determine whether or not the appeal has been properly perfected and, in the event the transcript does not show that the appeal has been duly perfected, the clerk shall give notice of the defect to the attorneys of record of the appellant to the end that steps may be taken to amend the record. In the instant case, this Court did not receive a transcript; therefore, no examination could be made to determine if the appeal had been duly perfected, nor could notice of any defect be given. Appellants argue that, because this Court granted their motion to consider the record in previous appeal, this action equals the filing of the transcript. This argument is incorrect. This action is for convenience of the parties and is not a substitute for the filing of a transcript. Even if we stretch the meaning and conclude that some parts of the previous record could constitute a partial transcript, the designation of such purported transcript by appellants was not even filed until after the deadline for filing a correct transcript and after the fifteen-day grace period had expired. Tex.R.Civ.P. 21c.

██ Appellants further argue that this Court abused its discretion in failing to give the appellants notice, pursuant to Rule 387(b), that the appeal would be dismissed unless the appellants filed with the Court, within ten (10) days, a response showing grounds for continuing the appeal. Tex.R. Civ.P. 387(b) states that the Court *may* give notice that the case will be dismissed. No notice is *mandated* by this rule, but, more importantly, the rule does not require this Court to do a useless act. Once the Rule 21c time limit has expired, with no motion for extension having been filed, this Court loses all discretion and authority to grant an extension of time and to permit the filing of a late transcript. Tex.R.Civ.P. 386. *See B.D. Click Company, Inc. v. Safari Drilling Corporation, et al.*, 638 S.W.2d 860 (Tex.1982). Appellant could not have stated any grounds to continue the appeal since this Court has no discretion.

Appellants' motion for rehearing is overruled.

BENAVIDES, J., not participating.