The **ATTORNEY GENERAL OF TEXAS**
**ex rel. STATE OF CALIFORNIA**
**and Nina G. Adler, Appellant**

v.

**David SEGREE, Appellee.**

**No. 13–84–469–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 11, 1985.

---

**3.**  This rule was amended effective April 1, 1984, but the substance remains the same.

**4.**  *See* TEX.R.CIV.P. 281.

Randall E. Pretzer, Corpus Christi, for appellant.

George W. Shaffer, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

This is an attempted appeal from the take-nothing judgment in a suit to enforce support payments under the Uniform Reciprocal Enforcement Support Act. The appeal is dismissed for lack of jurisdiction.

The judgment in this cause was entered on July 17, 1984. A motion for new trial was timely filed by the appellant on August 17, 1984. On October 11, 1984, notice of appeal was filed by appellant. On December 31, 1984, the transcript in this cause was tendered to this court and was marked received.

Accompanying the transcript was a letter from a deputy clerk in the Nueces County District Clerk's Office. This letter and the accompanying affidavit stated that the transcript was late because the clerk's office did not realize that a bond was not necessary for appeal in this cause, and, therefore, failed to timely prepare and file the transcript as required by TEX.R.CIV.P. 376. As can be seen from the foregoing chronology of events, the transcript was due to be filed with this court on or before October 26, 1984. TEX.R.CIV.P. 386. No timely motion for extension of time under TEX.R.CIV.P. 21c was filed by appellant.

Apparently, appellant's only argument for continuing this appeal is manifested in the letter and affidavit which accompanied the transcript when it was tendered to this court. We have notified appellant of our concern over the status of this record, as required by TEX.R.CIV.P. 387(b). We have received no motion or additional explanation from appellant for the failure to timely file the transcript in this cause.

We find no basis for concluding that the 1981 amendment to Rule 376 in any way relieved the parties from their responsibilities for seeing that the transcript was timely filed with the Court of Appeals. While the rule change does require that the clerk's office now forward the transcript to the Court of Appeals, the appealing party still has the burden of seeing that all of the rules prescribing time limitations are followed. It is the appellant who desires to prosecute the appeal and not the clerk of the trial court. The burden to see that the record is timely filed rests with the appealing party. *Moore v. Wallace*, 663 S.W.2d 903 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *See Garrity v. Holiday Inns, Inc.*, 664 S.W.2d 854 (Tex. App.—Amarillo 1984, writ ref'd n.r.e.). Absent a timely filed transcript or motion for extension of time under Rule 21c, this Court lacks jurisdiction to take any further action on this appeal other than to order its dismissal. *B.D. Click Co., v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1983).

The appeal is dismissed, and costs are assessed against the appellant.