**Julia Catherine WHITE, Appellant,**

v.

**Robert Louis WHITE, Appellee.**

**No. 13-85-221-CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 7, 1985.

Rehearing Denied Nov. 21, 1985.

Thomas Sharpe, Jr., Brownsville, for appellant.

Ron Armstrong, Brownsville, for appellee.

OPINION

PER CURIAM.

Appellant, Julia Catherine White, perfected an appeal from a judgment signed by the 103rd District Court of Cameron County, Texas in Cause No. 84-1874 on April 4, 1985. The transcript in this cause was timely filed in this Court, and the statement of facts was due to be filed on June 3, 1985. The statement of facts was received on July 24, 1985. Appellant filed an untimely motion to extend time for filing the statement of facts on June 21, 1985. This motion was dismissed by this Court on August 30, 1985. *See* Tex.R.Civ.P. 21c.

On September 9, 1985, appellee filed his motion to affirm the judgment. On the same date, appellant filed her (1) Motion for Leave to File Motion to Reconsider and (2) Motion to Reconsider Motion for Extension of Time for Filing Statement of Facts based on Good Cause.

This Court, on September 25, 1985, requested appellant to show cause, by way of written response, why the appellee's motion to affirm judgment should not be granted. Appellant's response was received and filed in this Court on October 1, 1985.

In appellant's motion to Reconsider Motion for Extension of Time for Filing Statement of Facts, the following are the reasons given for filing the motion more than 15 days after the due date:

a) The Court Reporter [Hector Sanchez] stated he had mailed the Statement of Facts on June 1. Unbeknown to Appellant, that statement was false.

b) Appellant checked with the post office and the Court Reporter to determine where the Statement of Facts was.

c) The Court Reporter was fired and Appellant could not get in touch with the Court Reporter until June 18, 1985.

d) Counsel for Appellant conferred with Judge Diego Leal on or about June 18th and was advised for the first time that the Court Reporter was way behind in his work, and was under some type of order to complete certain records or go to jail.

e) On June 18, 1985, Appellant realized for the first time that the Court Reporter had lied about preparing and sending the statement of facts to the Court on June 1, 1985.

f) On June 18, 1985, Appellant prepared and *mailed* a Motion for Extension of Time to the Court. (Emphasis added.)

g) Appellant should not be penalized because the Court Reporter lied to her, after taking her money.

■ All of the above facts show unfortunate events; however, it is the burden of the appellant to ensure that the statement of facts is timely filed. *See Attorney General of Texas v. Segree*, 694 S.W.2d 383 (Tex.App.—Corpus Christi 1985, no writ). The statement of facts in this cause was due on June 3, 1985, and, even though the court reporter (Hector Sanchez) represented to appellant that the statement of facts was mailed to this Court on June 1, 1985, it was the duty of appellant to ensure that the statement of facts was in fact timely received and filed in this Court. The appellant, having received no notice from this Court acknowledging that the statement of facts had been received and filed was, in effect, put on notice that there was a problem. Even at that, the appellant's counsel had sufficient time to file a proper motion for extension of time pursuant to Tex.R. Civ.P. 21c.

The appellant did not prepare a motion for extension of time for filing statement of facts or mail same until June 18, 1985, the very last day for the filing of same. Tex.R.Civ.P. 5 provides: "any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more *before* the last day for filing same, the same, if received by the Clerk not more than ten days tardily, shall be filed by the Clerk and be deemed filed in time." Appellant failed to mail her motion one day before the Rule 21c deadline.

In addition, the appellant, even though she had notice on June 18, 1985 that the statement of facts had not been filed, could have hand-delivered the motion to this Court for filing on June 18, 1985, the last day for filing same. This Court lacks authority to consider an untimely filed Rule 21c motion. *B.D. Click Company, Inc. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982); *see also Chojnacki v. The Court of Appeals for the First Supreme Judicial District*, 699 S.W.2d 193 (1985) (per curiam).

Having considered the appellee's motion to affirm judgment, appellant's response thereto, appellant's motions to reconsider and the transcript on file, this Court is of the opinion that appellee's motion to affirm the judgment should be granted. Appellant's Motion to Reconsider Motion for Extension of Time for Filing Statement of Facts is dismissed.

The judgment of the trial court is AFFIRMED.