**Joy MIGURA, Appellant,**

v.

**Delphine MIGURA and Carolyn Jean Stauss, Individually and as Independent Executrix of the Estate of Emmanuel Joseph Migura, Appellees.**

**No. 13–86–463–CV.**

Court of Appeals of Texas, Corpus Christi.

March 12, 1987.

---

**2.** Tex.Civ.Prac. & Rems.Code Ann. § 38.001 (Vernon 1986), formerly codified in Tex.Rev. Civ.Stat.Ann. art. 2226 (Vernon 1971).

James L. Post, Victoria, Randy D. Little, Houston, for appellant.

O.F. Jones III, Weldon Mallette, Victoria, Dwain W. Blaschke, Spring, George I. Middaugh, Cuero, for appellees.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant appeals to this Court by writ of error. Carolyn Jean Stauss, the executrix of Emmanuel Joseph Migura's estate, and Delphine Migura, who claims to be the common law wife of Emmanuel Migura, entered into an agreed judgment concerning the distribution of the estate. Appellant, Joy Migura, also claims to be the wife of Emmanuel Migura, pursuant to a "ceremonial marriage."

The trial court signed and entered the agreed judgment on April 11, 1986. On June 26, 1986, appellant filed her petition for writ of error and cost bond, within the six-month mandate of Tex.R.App.P. 45. The writ of error was perfected when the petition and bond were filed. Tex.R.App.P. 45(h). Thereafter, Tex.R.App.P. 54 mandates that the appellant file the record within sixty days after perfection of the writ of error. The sixtieth day after perfection in this case was August 25, 1986. Appellant failed to file the record by August 25, 1986. However, appellant had until September 9, 1986, to file a motion for extension of time for late filing of a transcript or statement of facts. Appellant made no such motion. Unless appellant timely files or timely moves for an extension of time, which is granted, this Court has no authority to consider a late filed transcript or statement of facts. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982); Tex.R.App.P. 54(a) & (c).

On September 10, 1986, appellant filed an "amended petition for writ of error." The amendment merely consisted of naming additional persons as "parties that may be adversely interested." However, the amendment did not alter the date of perfection, which was June 26, 1986. To allow appellant to establish a new perfection date by merely amending her petition for writ of error would be to cause confusion and uncertainty as to when the appeal was perfected. *Cf. Anzaldua v. Whitman*, 666 S.W.2d 171, 175 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (an appeal can only be perfected once; therefore, the pauper's affidavit which was filed after the bond was of no consequence). The October 1, 1986, filing of the transcript was untimely, and this Court is without authority to consider the transcript.

Further, the fact that the Clerk of this Court received and marked the transcript as "filed" does not render the Court with authority to consider it in contravention of Tex.R.App.P. 54(a). *See Blackman v. Housing Authority*, 152 Tex. 21, 254 S.W.2d 103, 104 (1953); *Hamrah v. Hamrah*, 547 S.W.2d 308, 310 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). It should be noted that the date on which the Clerk marked the transcript as "filed" is well beyond the period in which this Court may consider a motion for extension of time to file a late transcript, and, therefore, the "filing" of the transcript could not have been the cause behind appellant's failure to move for an extension. At the time the transcript was "filed," it was already late.

Since this Court is without authority to consider the transcript, there is nothing before this Court to review. The appeal is dismissed.