**Billy Ray NIX, Appellant,**

v.

**Bernice FRAZE, District Clerk of Collin County, Texas, Appellee.**

No. 05-87-00350-CV.

Court of Appeals of Texas, Dallas.

May 16, 1988.

Donald Colleluori, Dallas, for appellant.

Billy Ray Nix, Dallas, for appellee.

Before DEVANY, LAGARDE and THOMAS, JJ.

THOMAS, Justice.

Billy Ray Nix appeals from the trial court's denial of his summary judgment motion and the court's granting summary judgment in favor of Bernice Fraze, former District Clerk of Collin County, Texas. Nix, appearing pro se, complains in three points of error that the trial court erred in granting Fraze's summary judgment because Fraze negligently or willfully failed to timely forward a transcript to this Court in Nix's appeal from a summary judgment entered against him in a different cause. For the reasons given below, we affirm.

A review of the procedural background is essential to understanding the issues in the present appeal.

### The First Action

In July 1985, Nix filed a malpractice suit in the Collin County District Court against his former attorney. Nix proceeded *in forma pauperis*, and on March 25, 1986, the trial court rendered a summary judgment against Nix, from which he gave a timely notice of appeal.

### Appeal of the First Action

The District Clerk's office received and filed Nix's Notice of Appeal, Affidavit of Indigency, Request for Transcript, and Motion for Indigent's Statement of Facts on March 25, 1986. The record does not indicate that the Affidavit of Indigency was contested. Former rule 386 of the Texas Rules of Civil Procedure [1] required that the transcript be filed in the appellate court on or before May 24, 1986, within sixty days after the judgment was signed. However, this Court did not receive such transcript until August 11, 1986. The following day, August 12, this Court denied as moot Nix's petition for writ of mandamus seeking to set aside the summary judgment in the first action, or alternatively, requesting an order directing the trial court to perfect his appeal of that judgment. We ordered the transcript returned to the District Clerk and held that Nix failed to timely file his record or move for an extension of time in which to do so.

---

1. Former TEX.R.CIV.P. 386 (Vernon 1985); TEX.R.APP.P. 54(a). Both the First Action and the present appeal are governed by the former rules of civil procedure in place until August 31, 1986, and all references are to those former rules unless otherwise noted.

### The Present Action

Subsequently, on August 18, 1986, Nix initiated the present action against Fraze alleging that she should be held liable in damages for the dismissal of his appeal of the First Action. Nix claimed that he suffered injury as a result of Fraze's negligent or willful conduct in failing to timely forward the transcript in his appeal of the First Action, and that if she had employed proper diligence toward her duties as Clerk, Nix would have received the benefits of a successsful appeal. Both parties moved for summary judgment, and on March 6, 1987, the trial court entered judgment for Fraze and denied with prejudice Nix's motion for summary judgment. The present appeal was timely perfected on March 19, 1987.

Nix contends that the summary judgment in Fraze's favor was improper because Fraze owed a duty to him, under law, to timely prepare and transmit to this Court the transcript of the First Action as mandated by former Rule 376.[2] Nix claims that because Fraze breached this duty, Nix suffered injury and should subsequently prevail in his negligence suit.

In a summary judgment case, the burden is on the movant to show, as a matter of law, all elements constituting his cause of action or defense. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex.1976); *Clark v. Perez*, 679 S.W.2d 710, 713 (Tex.App.—San Antonio 1984, no writ). Because both Nix and Fraze filed motions for summary judgment, we must determine all questions presented, including the propriety of the order overruling the losing party's motion. *Clark*, 679 S.W.2d at 713. Each movant in his motion has the burden to prove he is entitled to judgment as a matter of law, and neither party can prevail because of the failure of the other to discharge his burden. *Miller & Freeman Ford, Inc. v. Greater Houston Bank*, 544 S.W.2d 925, 926 (Tex.1976); *Clark*, 679 S.W.2d at 713. A defendant's motion for summary judgment is required to meet the plaintiff's case as pleaded and demonstrate that the plain-

tiff cannot prevail. *Smith v. Muckelroy Enterprises*, 537 S.W.2d 104, 105–06 (Tex. Civ.App.—Tyler 1976, no writ) (and cases cited therein).

Nix grounds his motion for summary judgment on the theory that Fraze injured him when she breached her duty to him by failing to forward his transcript in contravention of procedural rules. Fraze's motion for summary judgment, on the other hand, asserts that it was Nix's conduct, not hers, that caused him injury, if any.

Although the Texas Rules of Civil Procedure were amended in 1981 to provide that the district clerk, rather than the appellant, is now responsible for transmitting the record to the appellate court, the appellant still has the burden of seeing that all of the time limitations are met. *Attorney General of Texas v. Segree*, 694 S.W.2d 383, 384 (Tex.App.—Corpus Christi 1985, no writ). This rule is so well settled that even where the district clerk comes forward with a verified explanation for sending a tardy transcript, the court must dismiss the appeal for lack of jurisdiction when there has not been a proper motion for an extension of time. *Segree*, 694 S.W.2d at 384. Moreover, a Texas court of appeals has held that where the court reporter allegedly made false statements to the appellant about preparing and sending the statement of facts to the court, it remained the appellant's burden to ensure a timely filing or make proper motion for an extension of time. *White v. White*, 700 S.W.2d 317, 318 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). It is the appellant, and not the clerk of the trial court, who desires to prosecute the appeal. Thus, the ultimate burden to place the record before this Court must rest with the appellant. *See, e.g., Forest Lane Porsche–Audi Associates v. DeFries*, 730 S.W.2d 80, 82 (Tex. App.—Dallas 1987, no writ) (appeals court has no authority to consider late filed statement of facts where no timely motion to extend has first been filed).

2. TEX.R.APP.P. 51(a) to (c) and 52.

Once Nix timely perfected his appeal, Rule 386 required that he file or cause his transcript to be filed with this Court within sixty days from the signing of the judgment. Nix is correct that Rule 376 imposes a duty on court clerks to "prepare ... and immediately transmit to the appellate court ... a true copy of the proceedings in the trial court." However, we need not decide the scope of this duty. Even if the District Clerk fails to transmit the record within the proper time period, as Nix contends is her duty, the primary responsibility to place the record before this Court nonetheless remains with the appellant. In this regard, he must secure from the appellate court an extension of time in which to file his transcript. *See* TEX.R. CIV.P. 21c; *Segree*, 694 S.W.2d at 384. Thereafter, with an extension of time granted, an appellant may then pursue remedies to compel the District Clerk to transmit the record as the rules require. Nix failed to request an extension of time from this Court, pursuant to Rule 21c.[3] It is this failure that rendered the filing of the transcript untimely. This Court is without jurisdiction to hear an appeal not timely filed pursuant to the rules of civil procedure. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982); *Howell v. Dallas County Child Welfare Unit*, 710 S.W.2d 729, 731 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied,* —— U.S. ——, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987).

We conclude that it was Nix's failure to request an extension of time, as was his responsibility, that resulted in the dismissal of his appeal. Thus, we hold that the trial court properly granted Fraze's motion for summary judgment and correctly overruled Nix's motion for summary judgment.

This result does not mean we condone Fraze's actions. The record reveals that Nix requested her to forward the transcript to this Court on three occasions. There is nothing in the record showing why Fraze failed to transmit the record until August 11, 1986, over five months after Nix first requested her to do so. Although we have declined to address the scope of the clerk's duty to transmit the transcript as required by the rules, we are confident that conscientious court clerks will follow the mandate of Rule 376 (now appellate rule 51(c)) to "immediately transmit the transcript to the appellate court."

We overrule Nix's three points of error and affirm the judgment of the trial court.