IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-339-CV





JOHN BARNETT, M.D.,



 APPELLANT


vs.





CARLA AND ROBERT HOLLINGSWORTH,



 APPELLEES


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 475,448, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING


 




PER CURIAM



 Appellant John Barnett, M.D., appeals from a default judgment rendered by the
district court of Travis County in favor of appellees Carla and Robert Hollingsworth. Barnett has
filed a motion for extension of time to file the transcript. We will overrule the motion and will
dismiss the appeal.

 Barnett filed a timely motion for new trial and, on April 23, 1992, timely perfected
his appeal by filing a cost bond with the district clerk of Travis County. Tex. R. Civ. P. 329b(a),
Tex. R. App. P. 41(a)(1). The record was due to be filed in this Court no later than May 25,
1992. Tex. R. App. P. 54(a). On July 7, 1992, the Clerk of this Court received the transcript
and on July 24, 1992, sent a postcard notice that the transcript appeared to be untimely and could
not be filed.

 On September 14, 1992, Barnett filed his motion seeking additional time within
which to file the transcript. See Tex. R. App. P. 54(c). The affidavit of a deputy district clerk
of Travis County accompanies the motion. See Tex. R. App. P. 19(d). In her affidavit, the clerk
states that she miscalculated the due date as July 10th and planned to prepare the transcript for
filing near the due date as calculated. This Court received the transcript on July 7, 1992.

 Barnett has presented a reasonable explanation of the need for more time within
which to file the transcript. See Tex. R. App. P. 54(c); Garcia v. Kastner Farms, Inc., 774
S.W.2d 668, 669-70 (Tex. 1989). Nevertheless, this Court has no jurisdiction to extend the time
because Barnett's motion is untimely. Western Credit Corp. v. Olshan Enters., Inc., 714 S.W.2d
137, 138 (Tex. App.--Houston [1st Dist.] 1986, no writ); see B.D. Click Co. v. Safari Drilling
Corp., 638 S.W.2d 860, 862 (Tex. 1982); Wells v. Kansas Univ. Endowment Ass'n, 825 S.W.2d
483, 487 (Tex. App.--Houston [1st Dist.] 1992, writ requested). Barnett must have filed a motion
to extend the time to file the transcript "not later than fifteen days after the last day for filing the"
transcript, that is, no later than June 9, 1992. Tex. R. App. P. 54(c). We may not allow the
transcript to be filed even though the district clerk has explained the reason for the delay. See
Tex. R. App. P. 51(c) (clerk shall prepare transcript and transmit to appellate court); Nix v.
Fraze, 752 S.W.2d 118, 120 (Tex. App.--Dallas 1988, no writ) (even where district clerk presents
verified explanation for tardy transcript, appellate court must dismiss appeal when there is no
proper motion for extension of time). We overrule Barnett's motion for extension of time to file
transcript.

 This Court may dismiss an appeal for failure to file a transcript timely. Tex. R.
App. P. 54(a); Western Credit Corp., 714 S.W.2d at 138; Veale v. Rose, 688 S.W.2d 600, 602
(Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.); see Nix, 752 S.W.2d at 120. Accordingly,
the appeal is dismissed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Appeal Dismissed

Filed: October 7, 1992

[Do Not Publish]