IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-327-CV





CHARLES L. MEYER,



 APPELLANT


vs.





STATE BAR OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 492,695, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING



 





PER CURIAM



 Appellant Charles L. Meyer appeals from an order of dismissal rendered by the
district court of Travis County in his suit challenging the constitutionality of Tex. Gov't Code
Ann. § 81.078 (West 1988). Meyer also sought to enjoin certain disciplinary proceedings before
appellee State Bar of Texas. We will dismiss the appeal because Meyer has filed neither a
statement of facts nor a brief.

 Meyer initially perfected a direct appeal to the supreme court. See Tex. R. App.
P. 140; Meyer v. State Bar of Texas, No. 3-92-327-CV (Tex. App.--Austin Aug. 26, 1992) (order
on motion to file transcript) (not designated for publication). After that court dismissed the appeal
for want of jurisdiction, Meyer perfected an appeal to this Court. See Tex. R. App. P. 140(e).
The record in this proceeding was due to be filed no later than July 31, 1992. Meyer, slip op. at
2; see 6 William V. Dorsaneo, Texas Litigation Guide § 152.04[2] (1992).

 Meyer timely filed the transcript on July 1, 1992. Tex. R. App. P. 54(a); 140(e). 
A motion for extension of time to file a statement of facts was due to be filed no later than August
17, 1992. Tex. R. App. P. 54(c). On September 24, 1992, Meyer filed a motion requesting this
Court to abate the appeal because the transcript was incomplete. Meyer asserted that the district
clerk had not included transcriptions of three trial-court hearings in the transcript. (1) This Court
overruled the motion on October 14, 1992.

 Meyer has apparently confused the terms "transcript" and "statement of facts." The
record on appeal consists of the transcript and, when necessary, a statement of facts. Tex. R.
App. P. 50(a). The transcript, prepared by the district clerk, includes pleadings and other
documents filed with the clerk. The statement of facts is the transcription of the evidence and
other proceedings before the trial court. See Tex. R. App. P. 53. The record before this Court
does not show that Meyer timely and properly requested the court reporter to prepare a statement
of facts for inclusion in the appellate-court record. Tex. R. App. P. 53(a). Accordingly, the
appeal is before this Court without a statement of facts.

 Because Meyer did not file a statement of facts, Tex. R. App. P. 74(k) required
him to file his brief thirty days after the transcript was filed, that is, no later than July 31, 1992. 
To date, Meyer has filed neither a brief nor a motion for extension of time showing a reasonable
explanation of a need for more time within which to file his brief. Tex. R. App. P. 74(n).

 If an appellant fails to file a brief within the time prescribed, an appellate court may
dismiss an appeal for want of prosecution "unless reasonable explanation is shown for such failure
and that appellee has not suffered material injury thereby." Tex. R. App. P. 74(l)(1). Meyer has
not made such a showing. Accordingly, we dismiss the appeal for want of prosecution. Id.; see
Dickson v. Dickson, 541 S.W.2d 895, 896 (Tex. Civ. App.--Austin 1976, writ dism'd w.o.j.); see
also Tex. R. App. P. 54(a) (failure to file statement of facts basis for dismissing appeal); Veale
v. Rose, 688 S.W.2d 600, 601 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.).


[Before Chief Justice Carroll, Justices Jones and Kidd]

Appeal Dismissed

Filed: January 20, 1993

[Do Not Publish]
1. Meyer also filed a motion for leave to file petition for writ of mandamus requesting this
Court to order the trial court to forward transcriptions of hearings to this Court. We overruled
this motion on December 23, 1992. See Meyer v. Flowers, No. 3-92-613-CV (Tex. App.--Austin
Dec. 23, 1992) (not designated for publication).