TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00154-CV







Carlos E. Restrepo and Linda S. Restrepo, Appellants



v.



Edward D. Engleking, Special Deputy Receiver for Title USA Insurance


Corporation, and First National Bank of Dona Ana County, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 473-254, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM



 Appellants Carlos E. Restrepo and Linda S. Restrepo seek to appeal from a take-nothing summary judgment rendered in their suit against appellees Edward D. Engleking, Special
Deputy Receiver for Title USA Insurance Corporation, and First National Bank of Dona Ana
County. Because the transcript raised questions relating to this Court's jurisdiction over the
appeal, the Clerk of this Court asked the Restrepos to submit a motion explaining the grounds for
continuing the appeal. Tex. R. App. P. 56(a). The Restrepos submitted a motion to explain a
basis for continuing the appeal on the basis of an untimely filed transcript. Because this Court
received the transcript untimely, we will overrule their motion and dismiss the appeal.

 The district court signed the summary judgment on November 22, 1994. The
Restrepos filed a notice of appeal and an affidavit of inability to pay the costs of appeal (1) on
December 20. Tex. R. App. P. 40(a)(3), 41(a). Assuming that the Restrepos' request for
findings of fact and conclusions of law extended the time within which to file the transcript to 120
days, the district clerk delivered the transcript to this Court on March 17, 1995.

 However, a timely filed request for findings of fact and conclusions of law does
not extend the time for filing the transcript in an appeal from a summary judgment. Linwood v.
NCNB Tex., 885 S.W.2d 102, 102 (Tex. 1994). The transcript was, therefore, due in this Court
no later than January 23; a motion for an extension of time was due no later than February 7. 
Tex. R. App. P. 5(a), 54(a), (c).

 Texas Rule of Appellate Procedure 51(c) requires a district clerk to prepare and
deliver the transcript upon perfection of an appeal. Click v. Tyra, 867 S.W.2d 406, 407 (Tex.
App.--Houston [14th Dist.] 1993, orig. proceeding [leave denied]). Nevertheless, the Restrepos
had the burden to ensure that the district clerk timely delivered the transcript to the Clerk of this
Court or to file a timely motion for an extension of time to file the transcript. Tex. R. App. P.
50(d); Nix v. Fraze, 752 S.W.2d 118, 121 (Tex. App.--Dallas 1988, no writ); Attorney Gen. ex
rel. Cal. v. Segree, 694 S.W.2d 383, 384 (Tex. App.--Corpus Christi 1985, no writ). Any
representation of the district clerk that the transcript was sent timely does not affect the appellant's
burden or the Rule 54(a) deadline. Accordingly, we overrule the Restrepos' motion to explain
a basis for continuing the appeal on the basis of an untimely transcript.

 An appellate court may dismiss an appeal for the failure to file a transcript timely. 
Tex. R. App. P. 54(a); Natividad v. Ford Motor Co., No. 08-95-036-CV (Tex. App.--El Paso
Mar. 30, 1995, no writ h.); see Trans--Continental Properties, Ltd. v. Taylor, 717 S.W.2d 890,
891 (Tex. 1986); Smith v. Smith, 835 S.W.2d 187, 190 (Tex. App.--Tyler 1992, no writ). 
Because this Court received the transcript more than sixty days after the trial court signed the
summary judgment in this cause, we dismiss the appeal.


Before Chief Justice Carroll, Justices Aboussie and Jones

Dismissed

Filed: April 26, 1995

Do Not Publish

1. [1] By his letter of March 21, 1995, the Clerk of this Court notified the Restrepos that the
transcript did not show that they are parties who can perfect an appeal by filing only a notice of
appeal and did not show that they had provided notice of the filing of their affidavit of inability
to pay the costs of appeal to opposing counsel. Tex. R. App. P. 40(a)(3)(B). The transcript does
not include the certificate of service that accompanies the copy of the affidavit attached to their
motion to explain a basis for continuing the appeal. That certificate of service shows notice on
opposing counsel as Rule 40(a)(3)(B) requires.