Stella KNIGHT, Individually and as Representative of the Estate of Joseph Knight, Brent Knight, Emma Knight, and Joseph Knight, Jr., Appellants,

v.

SAM HOUSTON MEMORIAL HOSPITAL, West University Healthcare Group, Ltd., West Houston Healthcare, Ltd., Columbia Hospital Corporation, Columbia Corporation of Houston, Columbia Hospital Corporation of West Houston, Hei Health Services Corporation, Hei Corporation, Howard Sussman, M.D., Hollis Oxspring, M.D., Houston Anesthesia Services, P.A., Salah El Hafi, M.D., Cardiology Clinic, P.A., and Katherine Ann Blades, CRNA, Appellees.

No. 01–95–00386–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 10, 1995.

Rehearing Overruled Sept. 21, 1995.

I. Nelson Heggen, Houston, for appellants.

William A. Sherwood Houston, Lauren L. Beck, Houston, Mike Neeley, Austin, William

N. Wilson, II, Houston, David A. Livingston, Houston, Andrea F. Lopes, Houston, William N. Wilson, Houston, Kevin Oncken, Austin, Rick Callaway, Houston, Richard A. Sheehy, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

TAFT, Justice.

The appellees have filed a joint motion to dismiss this appeal. For the following reasons, we grant the motion and dismiss.

■ The trial court signed the final judgment on February 3, 1995. No motion for new trial or motion to modify the judgment was filed. *See* TEX.R.APP.P. 54(a). Thus, the transcript was due to be filed within 60 days after the judgment was signed. *Id.* The sixtieth day after the judgment was signed was April 4, 1995. The appellant filed the transcript on April 6, 1995. The appellant did not file a motion for extension of time to file the transcript. *See* TEX.R.APP.P. 54(c).

■ We have no authority to consider a late transcript. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex. 1982); *Migura v. Migura*, 730 S.W.2d 18, 19 (Tex.App.—Corpus Christi 1987, no writ); TEX.R.APP.P. 54(a). Thus, when an appellant does not timely file the transcript or file a timely and sufficient motion for extension of time in which to file the transcript, we have no authority to consider the transcript. *B.D. Click Co.*, 638 S.W.2d at 862; *Migura*, 730 S.W.2d at 19; TEX.R.APP.P. 54(a).

The transcript we received on April 6, 1995, is not timely, and thus we have no authority to consider it. Because we are without authority to consider the transcript, we have nothing to review, and we must dismiss the appeal. *Migura*, 730 S.W.2d at 19.

The appellants contend that (1) our granting of a motion for extension of time filed by one of the appellees made it unnecessary for the appellants to ask for an extension of time to file the transcript, and (2) an injury in the district clerk's office caused the transcript to be filed late. Neither of these arguments have merit.

### 1. The appellee's motion for extension of time

One of the appellees asked for an extension of time to file some court documents that were not included in the appellants' request to prepare the transcript. None of the documents in the appellee's request constitute material that must be included in the *original* transcript.[1] *See* TEX.R.APP.P. 51(a) (listing the documents that must be included in the transcript). As a result, we construed the appellee's request as a motion for leave to file a *supplemental* transcript; the documents the appellee sought to file would constitute a proper *supplemental* transcript, but, because they do not include the material referenced in rule 51(a), would not by themselves constitute a proper original transcript. We therefore ordered that "appellee's motion for leave to file supplemental transcript in the ... cause" was "GRANTED."

■ This action is of no aid to the appellants. Even after the supplemental transcript was filed, we still had before us no transcript as that term is defined in rule 51(a). Without such a transcript, we must dismiss the appeal. *Migura*, 730 S.W.2d at 19.

The appellants argue that it would be inequitable to dismiss their appeal when we granted the appellee's request. We disagree. The rationale of the appellants' argument was rejected by the Dallas Court in *Inman's Corp. v. Transamerica Commercial Fin. Corp.*, 825 S.W.2d 473 (Tex.App.—Dallas 1991, no writ):

> In the context of the appellate record, the appellate rules support the premise that each appellant must independently insure that the appellate record upon which it

1. None of the appellees has perfected an appeal.

relies is timely filed in the appellate court. Rule 50(d) provides: "The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." In an adversarial system, a party is ill-advised to assume that an action taken by another party will inure to its benefit.

*Id.* at 477 (citations omitted).

We agree with this reasoning. Our granting of the appellee's motion did not give license to the appellants to either (a) fail to timely file the original transcript, or (b) fail to file a timely and sufficient motion for extension of time to file the original transcript.

## 2. The injury in the district clerk's office

The appellants also state that, unknown to them at the time, the clerk responsible for preparing the transcript suffered a broken arm and was unable to work for a month.[2] According to the appellants, this "result[ed] in the transcript being filed on April 6" rather than April 4.

■ The district clerk's injury does not relieve the appellants of their burden to timely file a transcript. The injury may explain why the transcript was not filed by the original due-date, but it does not excuse the appellants from filing a motion for extension of time to extend the due-date. *Nix v. Fraze*, 752 S.W.2d 118, 121 (Tex.App.—Dallas 1988, no writ).

In *Nix*, the appellant argued that his failure to timely file the transcript was due to a delay by the district clerk. 752 S.W.2d at 120. The Dallas Court held that the issue was not why the district clerk did not have the transcript prepared by the original due-date, but whether, once the date passed, the appellant filed a timely motion for extension of time. *Id.* at 121. The court, citing TEX. R.CIV.P. 21c, the predecessor to TEX.R.APP.P. 54(c), wrote:

Even if the District Clerk fails to transmit the record within the proper time period ... the primary responsibility to place the record before this Court nonetheless remains with the appellant. In this regard, he must secure from the appellate court an extension of time in which to file his transcript. *See* TEX.R.CIV.P. 21c; [*State v.*] *Segree*, 694 S.W.2d [383] at 384. [Tex. App.—Corpus Christi 1985] Thereafter, with an extension of time granted, an appellant may then pursue remedies to compel the District Clerk to transmit the record as the rules require. Nix failed to request an extension of time pursuant to Rule 21c. It is this failure that rendered the filing of the transcript untimely.

. . . .

We conclude that it was Nix's failure to request an extension of time, as was his responsibility, that resulted in the dismissal of his appeal.

*Id.* at 121.

We agree with this logic. When the April 4 deadline passed without the transcript being filed, the appellants should have filed a timely motion for extension of time to file the transcript. *Nix*, 752 S.W.2d at 121; *see Moore v. Wallace*, 663 S.W.2d 903, 904 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.). The question is not why the transcript was not filed by the original due-date, but whether, once the date passed, the appellants filed a timely motion for extension of time. *Nix*, 752 S.W.2d at 121; *see Moore*, 663 S.W.2d at 904. They did not. The failure to file such a motion cannot be excused by relying on an event in the district clerk's office that delayed the time of filing past the original due-date. *Nix*, 752 S.W.2d at 121; *see Moore*, 663 S.W.2d at 904.

We grant the appellees' motion to dismiss and dismiss the appeal.

OLIVER–PARROTT, C.J., concurs.

---

**2.** The appellants have provided an affidavit from the clerk in which he states that he broke his wrist in a fall.

**850**

OLIVER–PARROTT, Chief Justice, concurring.

I reluctantly agree that, under the current state of the law, this appeal must be dismissed. I write separately to express my opinion that the rules concerning filing the transcript are unjust and should be changed.

Texas Rule of Appellate Procedure 51(c), entitled "Duty of Clerk," puts the burden on the clerk of the trial court to prepare and "immediately transmit" the transcript to the court of appeals. Yet, as the Dallas Court correctly pointed out in *Nix*, "*the appellant still has the burden of seeing that all of the time limitations are met.*" *Nix v. Fraze,* 752 S.W.2d 118, 120 (Tex.App.—Dallas 1988, no writ) (emphasis added). I find these two principles contradictory, and would place the burden of filing the record entirely on the party responsible for its preparation: the clerk of the trial court.

With these comments on what I perceive to be an unfair anomaly in the law, I concur in the decision to grant the appellees' motion to dismiss this appeal.