Dominguez v. Hooten 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00089-CV







Jaime Dominguez, Appellant



v.



Duke Hooten, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0658-C, HONORABLE CURT F. STEIB, JUDGE PRESIDING







PER CURIAM


 Jaime Dominguez attempts to appeal the trial court's judgment dismissing his claim
against Duke Hooten as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp.
1996). The court signed its judgment on August 29, 1995. Because no party filed a post-judgment motion, Dominguez was required to perfect his appeal by September 28 and to tender
the transcript to this Court by October 30. See Tex. R. App. P. 41(a)(1), 54(a).

 The transcript arrived at this Court on February 13, 1996, and showed that
Dominguez had filed a perfecting instrument on February 6. The Clerk of this Court notified
Dominguez of these defects, in response to which Dominguez submitted a supplemental transcript
containing his "Motion for Leave To File Late Notice of Appeal." Dominguez explains in this
motion that he failed to perfect his appeal timely because jail officials did not mail his notice of
appeal to the district clerk's office. Dominguez' hand-written notice of appeal, contained in the
original transcript, states that it was executed on September 8, 1995. Copied on the same page
of the transcript as the notice of appeal is an envelope addressed to the district clerk that is
postmarked February 3, 1996. 

 Dominguez' explanation for his late perfecting instrument does not explain his late
transcript. Apart from any problem he encountered in perfecting his appeal, the burden remained
on Dominguez to place the transcript before this Court, either by ensuring a timely filing or by
timely moving for an extension of time. Nix v. Fraze, 752 S.W.2d 118, 120 (Tex. App.--Dallas
1988, no writ); Attorney Gen. ex rel. Cal. v. Segree, 694 S.W.2d 383, 384 (Tex. App.--Corpus
Christi 1985, no writ). Dominguez has provided us no evidence that he tried to move for an
extension of time to file the transcript within the mandated time. See Tex. R. App. P. 54(c).

 Absent a timely filed transcript or motion to extend time, this Court lacks
jurisdiction to take further action on the appeal other than to dismiss it. B. D. Click Co. v. Safari
Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982); Segree, 694 S.W.2d at 384. We accordingly
dismiss the appeal.


Before Justices Powers, Jones and B. A. Smith

Dismissed

Filed: April 17, 1996

Do Not Publish