**Neil FRENCH, Appellant,**

v.

**Heather KOPECKY, Appellee.**

**No. 01–96–0913–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 19, 1996.

Rehearing Overruled Oct. 10, 1996.

See also, 1996 WL 122560.

Neil French, Rosharon, for Appellant.

Bruce R. Steffler, Houston, for Appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

**OPINION**

PER CURIAM.

The appellant has filed two motions for extension of time to file the transcript. Because the motions are untimely, we deny them and dismiss the appeal.

**Chronology**

The appellant, Neil French, brought a declaratory action in an attempt to establish a common-law marriage between him and the appellee, Heather Kopecky. On July 28, 1995, the trial judge granted Kopecky's motion for summary judgment. French did not move for a new trial, but timely filed an affidavit of inability to pay costs on appeal.

The court reporter timely filed a contest to French's affidavit, and the trial judge sustained the contest. French sought mandamus relief in this Court, and we conditionally issued a writ of mandamus directing the trial judge to vacate her order sustaining the contest and to enter an order overruling the contest. *French v. Hellums,* No. 01–95–01106–CV, 1996 WL 122560 (Tex.App.—Houston [1st Dist.], March 21, 1996, orig. proceeding) (not designated for publication); *see White v. Baker & Botts,* 833 S.W.2d 327, 329 (Tex.App.—Houston [1st Dist.] 1992, no writ) (holding that "[m]andamus is the appropriate remedy to review the trial court's ruling on an affidavit of indigence"). The trial judge complied.

On June 7, 1996, French filed a motion for extension of time to file the transcript. He followed that motion with another similar motion.

## Analysis

 Texas Rule of Appellate Procedure 54(a) states that, in a case in which no timely motion for new trial, timely motion to modify the judgment, or timely request for findings of fact and conclusions of law in a bench trial has been filed, the transcript must be filed within 60 days from the date the judgment was signed. French cites no authority, and we know of none, that creates an exception when the appellant brought a mandamus proceeding—even a successful one—against the trial judge for a ruling on an affidavit of indigence. The mandamus proceeding, even though successful, did not toll the time period for the filing of the transcript.

French's motions for extension of time to file the transcript are untimely. The transcript was due in this case within 60 days after July 28, 1995, *i.e.*, no later than September 26, 1995. *See* TEX.R.APP.P. 54(a). The latest French could have filed a motion for extension of time to file the transcript was 15 days after September 26, 1995, *i.e.*, on October 11, 1995. *See* TEX.R.APP.P. 54(c). His motions, as noted above, were filed after that date.[1] As such, we deny them.

 We have no authority to consider a late transcript. *Knight v. Sam Houston Memorial Hosp.*, 907 S.W.2d 847, 848 (Tex. App.—Houston [1st Dist.] 1995, writ denied). "Thus, when an appellant does not timely file the transcript or file a timely and sufficient motion for extension of time in which to file the transcript, we have no authority to consider the transcript." *Id.*

Because we have no authority to consider a transcript in this case, we have nothing to review, and we must dismiss the appeal. *See Knight*, 907 S.W.2d at 848. We therefore dismiss the appeal.

---

1. In his mandamus proceeding, French did not ask for an extension of time to file the transcript.