**Lee Roy BARROW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69042.**

Court of Criminal Appeals of Texas, En Banc.

April 10, 1985.

Rehearing Denied May 1, 1985.

David L. Botsford, court appointed on appeal only, Austin, for appellant.

Ronald Earle, Dist. Atty., and Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant was convicted of capital murder. Upon the jury's affirmative findings

to the punishment issues, see Art. 37.-071(b), V.A.C.C.P., the court assessed punishment at death.

■ Appellant contends that insufficient evidence was adduced to show that the victim was killed in the course of a robbery or burglary as alleged in the indictment. He bases his contention upon the failure of appellant's confession to recite those underlying circumstances.

Appellant did state in his confession that, after killing the victim, he took from the victim's residence a handgun. The evidence further showed that appellant thoroughly ransacked the victim's residence, and that, armed with the gun, he shortly thereafter robbed the cashier at a convenience store.

Whether or not appellant was seeking money for the reason posited by the State—a massage for which he had earlier been unable to pay—the jury was justified in finding the murder to have been committed in the course of the underlying offense.

■ ₌Appellant also contends that insufficient evidence was adduced to support the jury's finding of a probability that he would commit criminal acts of violence that would constitute a continuing threat to society.

The evidence, including appellant's confessions, shows that appellant participated in a murder in Galveston, in connection with the theft of the victim's automobile, shortly before driving to Austin and, having been told his funds ($7) were insufficient for a massage which he desired (or into the desire for which, to accept the defense viewpoint, he had been enticed), he proceeded to the home of an elderly and wheelchair-bound person known to him, killed him by striking him with multiple blows, ransacked his house, took a handgun, and with it committed a robbery. After his arrest, appellant made an attempt to escape, threatening to harm a jailer (although not actually doing so) in the process.

Appellant's own witness, who testified that appellant's behavior was delusional, also testified to a continuous history of assaultive behavior dating back to 1974.

The ground of error is overruled.

■ Appellant further contends the court erred in overruling his challenge for cause, based upon the refusal to consider the entire range of punishment for the lesser included offense of murder, to veniremember Flieller.

During the State's voir dire examination, Flieller professed a willingness to consider the entire range of punishment for murder, for 5 years, probated, to life imprisonment. During appellant's voir dire, however, Flieller made it clear that the willingness had been based upon a misunderstanding of the meaning of "probation":

> All right. Now, let's assume that hypothetical. You're sitting on the jury. But for some reason because the State fails to prove beyond a reasonable doubt the element of burglary or element of robbery in that capital murder indictment and that as a result of your jury deliberation you find a defendant guilty of first-degree murder.
>
> All right. Let's assume that you have found someone guilty under those types of circumstances of first-degree murder.
>
> All right. Now, the range of punishment, as has been told, is five to 99 years or life. Of course, this is the only time we get to talk to you, ma'am; and you seem to be a very impressive and very sincere young lady. But I must very carefully ask you: Can you conceive of a set of circumstances where if someone is found guilty of first-degree murder, intentionally and knowingly causing the death of an individual, that you could conceive of a set of facts and circumstances where you could give that man five years probation?

A. No, sir.

> MR. GOTCHER: We have no further questions, Your Honor. We have a question of law. I might do this:

Q. (By Mr. Gotcher) With your answer, no, you could not give five years probation, you understand we're not talking about this case or any other, but as a general proposition. Okay? It's not trying to be a trap question. This is from your heart and there's nothing going to change your mind about this. This is your own personal view, is it not, that you could not conceive of any facts or circumstances where you could, in fact, give five years probation for the offense of intentionally and knowingly causing the death of an individual, first-degree murder?

A. Well, maybe I'm not understanding what the—

Q. All right. Let me go over it.

A. —five years probation, what that—

Q. Yes.

A. —exactly means.

Q. Well, the legislature provides a full range of punishment.

A. Yes.

Q. From 99, life, any term of years. But it does also include if the sentence is under 10 years that the legislature has provided under certain circumstances that if a man is found guilty or a person is found guilty of intentional first-degree murder that the jury must—

MR. NELSON: I'm going to object to the term. There is no such term in Texas law.

MR. GOTCHER: Term of what?

MR. NELSON: First-degree murder.

THE COURT: Sustain the objection to that question.

MR. GOTCHER: Well, let me rephrase—

THE COURT: If the question is asked for the purposes which Mr. Gotcher stated, I sustain the objection.

MR. GOTCHER: All right. Let me rephrase it. Maybe I can get it that way, and I won't—

Q. (By Mr. Gotcher) And don't answer me until Mr. Nelson has a chance to object.

Texas provides that there is murder in such a way that the punishment for that murder is first degree. It's a felony of the first degree. We're playing with little words but it still means the same to me.

Now, let's assume. Can you imagine a set of facts and circumstances in a murder case where the punishment is first degree felony, can you imagine in your mind, Ms. Flieller, a set of circumstances where you—not talking about this case or any other—but as a fact and circumstance where you could give a minimum of five years probation for intentionally, knowingly causing the death of an individual?

A. I'm still stuck on the five years probation. Does that mean the person goes to jail?

Q. No, that's five years probated. That sentence—that's found guilty of murder and you sentenced him to five years probation, out on the street under supervision.

A. Okay. He has been proved guilty?

Q. Yes.

A. And he is given—he's guilty of murder and he's given five years of probation straight out of the courtroom?

Q. *Would you consider it?*

A. *I don't think so.*

Q. All right. Now, again I'm going to ask you that answer And that's a truthful answer. A lot of people feel that way.

All I'm asking you is: That is from your heart, that's your own conscience and that's your own belief. Nobody could change that mind, could they? Nobody could change your mind?

A. Well, does all this other—

Q. You understand now—

THE COURT: The witness didn't have any opportunity to finish answering the question. She may.

MS. FLIELLER: I'm very sorry but, you know—

Q. (By Mr. Gotcher) And if I'm confusing you, I'm sorry.

A. That's okay. What I'm trying to figure out is if a person is—how does the insanity thing come in? If he is—

Q. We're not talking about insanity.

A. Okay.

Q. You've already found the man guilty. We've given them—

A. Okay.

Q. —a set of facts where you have already made that determination.

A. Okay.

Q. The man is guilty.

A. Okay.

Q. You have found him guilty.

A. Okay.

Q. And you go back into that second phase of the trial.

A. Right.

Q. All you do then is punishment, whatever, after all the evidence, whatever it is. Okay. Now, assuming you're there.

A. Right.

Q. I must ask you again: *Can you conceive of a set of facts and circumstances where you would give someone that you have found guilty of intentionally and knowingly causing their death, give them five years probation or consider five years probation?*

A. *No, I can't.*

No attempt was made by the State to rehabilitate Flieller.

Flieller's answers demonstrate an inability to consider the full range of punishment for the lesser included offense of murder, and constitute a ground for exclusion.[1] See *Hernandez v. State*, 643 S.W.2d 397, 402 (Tex.Cr.App.1983).

The record shows that after appellant's challenge for cause was overruled, appellant challenged Flieller peremptorily, used all of his allotted peremptory challenges,

requested and was denied additional challenges, and therefore found objectionable certain veniremembers who were seated as jurors.

Because of the erroneous ruling on the challenge of veniremember Flieller and the resultant seating of a juror objectionable to appellant, the judgment must be reversed and appellant remanded to the custody of the sheriff of Travis County to answer the charges in the indictment.

ONION, P.J., dissents.

---

1. The State and the trial court were mistaken in their belief that Flieller gave only the "equivocal" answer of "I don't think so" when questioned about the ability to *consider* probation.

The key to the analysis of the propriety of all rulings upon challenges for cause, is not the use or lack of use of a single word but the import of the voir dire of the veniremember taken *as a whole*. *See*, e.g., *Jernigan v. State*, 661 S.W.2d 936, 942 n. 8 (Tex.Cr.App.1983).