**Lawrence N. NWORA, Appellant**

v.

**THE COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 01–97–00458–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 29, 1997.

Panel consists of Chief Justice SCHNEIDER and Justices MIRABAL and HEDGES.

## OPINION

PER CURIAM.

The appellee has filed a motion to dismiss the appeal alleging that the appellant has failed to file the transcript by its due date or to file a timely motion for an extension of time to file the transcript. The appellant argues that he should have the benefit of an extended timetable because he filed a motion to stay the judgment of the trial court that was the functional equivalent of a motion to modify the judgment.

The trial court signed the judgment on February 3, 1997. The transcript does not show that any postjudgment motions were filed. Nor has the appellant moved to supplement the transcript to show that any motion requesting modification of the judgment was filed in the trial court. Under Tex.R.App.P. 54(a), an appellant has 60 days after the judgment is signed to file the record if no timely motion for new trial or motion to modify is filed or if no timely request has been made for findings of facts and conclusions of law. In this case, 60 days after judgment was April 4, 1997. The transcript was received on June 4, 1997. Appellant filed a motion for extension of time to file the transcript on June 27, 1997, more than 15 days after April 4, 1997.

Unless an appellant timely files the transcript or timely moves for an extension of time to file the transcript, this Court has no authority to consider a late transcript. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982); Tex.R.App.P. 54(a), (c). According to the record before us, the transcript we received on June 4, 1997 is not timely, and this Court has no authority to consider it. *Migura v. Migura*, 730 S.W.2d 18, 19 (Tex.App.—Corpus Christi 1987, no writ).

If this Court is without authority to consider the transcript, we have nothing to review, and we should dismiss the appeal.

Accordingly, we grant the appellee's motion to dismiss. The appeal is dismissed. Tex.R.App.P. 60(a)(1).

We overrule the appellant's motion to extend time for filing his brief and his untimely filed motion to extend time for filing the record.

It is so **ORDERED.**