Sue **MILLER**, et al., Petitioners,

v.

**METRO HEALTH FOUNDATION,**
d/b/a Oak Brook Health Care
Center, Inc., Respondent.

No. 96–1263.

Supreme Court of Texas.

March 19, 1998.

Rehearing Overruled July 3, 1998.

Reid William Martin, Tyler, for Petitioner.

Mark M. Donheiser, Arlene M. Jones, Dallas, for Respondent.

HECHT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, SPECTOR and OWEN, Justices, join.

Petitioner timely perfected her appeal, but the transcript was filed two days late, and petitioner did not file a motion to extend the time for filing the transcript within the fifteen-day period prescribed by former Rule 54(c), TEX.R.APP. P. Consequently, the court of appeals dismissed the appeal for want of jurisdiction. In *Verburgt v. Dorner,* 959 S.W.2d 615, 615 (Tex.1997), we held "that a motion for extension of time is implied when a party, acting in good faith, files a cost bond within the fifteen-day period in which [former] Rule 41(a)(2) [of the Rules of Appellate Procedure] permits parties to file a motion to extend." We apply this same rule to the filing of the appellate record. Our decision does not conflict with the holding in *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982), because the appellant in that case filed neither a motion for extension of time nor the transcript within the time permitted for filing the motion.

Accordingly, without hearing oral argument, the Court grants petitioner's motion for rehearing of the denial of her application for writ of error, grants her application, reverses the judgment of the court of appeals, and remands the case to that court to determine whether petitioner can reasonably explain the need to extend the time for filing the transcript, and if so, to proceed to consider the appeal. TEX.R.APP. P. 59.1

ENOCH, Justice, joined by BAKER, ABBOTT and HANKINSON, Justices, dissenting.

For the reasons stated in my dissenting opinion in *Verburgt v. Dorner,* 959 S.W.2d 615, 618 (Tex.1997) (Enoch, J., dissenting), I cannot join the Court's opinion in this case. Just as the Court was wrong to "imply" a motion to extend time to file a cost bond in *Verburgt,* it errs here in "implying" a motion to extend time to file the transcript despite the plain and unambiguous language of former Texas Rule of Appellate Procedure 54(c).[1]

The Court compounds its error by failing to acknowledge that it is effectively reversing *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982). In *Click,* we held that a court of appeals does not have the authority to consider a motion for extension of time to file the record if that motion is not filed within fifteen days after the date the record must be filed. *Id.* at 862. The Court states that today's decision "does not conflict with [*Click*] because the appellant in [*Click*] filed neither a motion for extension of time nor the transcript within the time permitted for filing the motion." at 338. But nothing in *Click* even hints that the failure to file the transcript played any role whatsoever in our decision in that case. Rather, the Court today simply extends the mistake it made in *Verburgt* to the filing of the transcript.

In *Verburgt,* I asked, "When next will the Court 'imply' filings that were never made?" *Verburgt,* 959 S.W.2d at 619 (Enoch, J., dissenting). Now I know. I dissent.

---

1. The new rules of appellate procedure have repealed the requirement that the appellant file a motion for extension of time if the record is not timely filed, and instead place the burden on the trial and appellate court to ensure that the record is timely filed. TEX.R.APP. P. 35.3(c).