**Opinion issued March 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00920-CV

————————————

**PRASLA PROPERTY, INC., NAVROZ K. PRASLA, MEDIA FILMS CRAFT, INC., AND NAVROZMEDIANETWORK, INC., Appellants**

**V.**

**SPARK WEALTH INVESTMENTS, LLC, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 24-DCV-319828**

---

## DISSENTING OPINION

Everyone agrees that between a court's inherent power and the applicable rules of procedure, judges have broad discretion in handling the cases that come before them while they still have plenary jurisdiction. *See Eichelberger v.*

*Eichelberger,* 582 S.W.2d 395, 398–99 (Tex. 1979); *see also Porras v. Jefferson*, 409 S.W.3d 804, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

It is equally clear that the broad discretion associated with a court's inherent power is not boundless. *Brewer v. Lennox Hearth Products*, *LLC*, 601 S.W.3d 704, 718 (Tex. 2020). "Because inherent powers are shielded from direct democratic controls, and [b]ecause of their very potency, inherent powers must be exercised with restraint[,] discretion, and great caution." *Id*. (internal quotations omitted).

Indeed, our exercise of these powers is defined by the boundaries of the laws that we are required to follow. *See Eichelberger*, 582 S.W.2d at 398–99 ("Under our system there is no such thing as the inherent power of a court, 'if, by that, be meant a power which a court may exercise without a law authorizing it.'" (quoting *Messner v. Giddings*, 65 Tex. 301, 309 (1886))). And our rules of civil and appellate procedure have the same force and effect as statutes. *See In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001).

In applying the rules of appellate procedure, we are instructed to construe them "reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Accordingly, we must imply a motion for extension of time whenever a party files a document beyond the specified deadline—but within any additional time provided by the rules for moving to extend

that deadline. *Id*. at 617; *see Miller v. Metro Health Found.*, 968 S.W.2d 337, 338 (Tex. 1998).

Conversely, if the document is filed *after* any additional time provided for in the rules for seeking an extension—then we lack authority to consider it. *See B.D. Click v. Safari Drilling Corp*., 638 S.W.2d 860, 862 (Tex. 1982); *see also Nwora v. Comm'n for Lawyer Discipline*, 252 S.W.3d 417, 418 (Tex. App.—Houston [1st Dist.] 1997, no pet.). In that circumstance, to still consider such a motion would be tantamount to reading new language into the rules or, worse yet, choosing not to follow the law and the language in the rules that does exist. In either event, we would be legislating from the bench to do justice in an individual case—and abandoning our duty as an intermediate appellate court to apply the law consistently and predictably for all Texans.

Regrettably, that is the situation here.

Our Court's judgment in this case was issued on January 27, 2026. Appellants did not file a motion for rehearing within the 15-day time period set forth in Rule of Appellate Procedure 49.1 or even within the additional 15-day time period in Rule 49.9 for seeking an extension of time. On March 10, 2026—nearly a month after the filing deadline and 12 days after the last day for seeking an extension of time—appellants filed a motion for rehearing seeking to reinstate this appeal. Notably, the motion provides no explanation for missing *both* 15-day time periods.

The majority here correctly dismisses the untimely motion for rehearing—but still reinstates the appeal. The concurrence states that this anomaly is justified by the Court's plenary power that expires today. But the existence of our plenary power over a case does not permit us to do what the law otherwise forbids. And the concurrence cites to no authority that allows us to circumvent these principles and grant the relief sought in an untimely motion for rehearing (filed well beyond all of the deadlines in the rules) simply because we feel like it.

For that reason, I must respectfully dissent to the reinstatement of this appeal based on our plenary power alone. And I urge our en banc Court, and the Supreme Court of Texas if necessary, to weigh in on this important reoccurring issue.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Chief Justice Adams, dissenting.